A. David Benjamin, J.
Petitioners seek an order in the nature of mandamus, presumably under article 78 of the Civil Practice Act, directing respondents to remove forthwith the concrete shoulders crossing the north and south boundaries of Crescent Street at its intersection with Conduit Boulevard, and to restore Crescent Street for through use by pedestrian and vehicular traffic. Respondents move to dismiss the petition for insufficiency on its face pursuant to section 1293 of the Civil Practice Act.
The petitioners, operating a gas station on Crescent Street and Liberty Avenue, allege that the blocking off of Crescent *780 Street requires pedestrians and vehicular traffic to detour, thereby causing inconvenience, and further, that a possible source of danger to school children has been created. Petitioners also allege they are suffering a loss in the volume of their business because of the resulting decrease in the automobile traffic passing by their gas station.
The statutory authority under which the city has proceeded, is found in subdivision 7 of section 20, and section 29, of the General City Law, which provide, in substance, that a city is authorized to establish, alter and discontinue streets (§ 20, subd. 7), and authorize a legislative body, which in this instance is the Board of Estimate, as often as it may deem it for the public interest, to change the map of the city to provide for the widening or closing of existing streets. Subdivision b of section 199 of the New York City Charter sets forth the action which is required to be taken before the Board of Estimate can vote a proposed change in the city map.
In the instant case it appears that the Board of Estimate, pursuant to section 199 of the City Charter, referred to the city planning commission, for a report on a proposed map relating to the widening of Conduit Boulevard; the planning-commission reported favorably on the proposed change after a public hearing held on June 16, 1954, at which no opposition to the proposed change of which petitioners now complain, was expressed. The Board of Estimate, acting upon recommendation, adopted a resolution approving the proposed change in the map of the city, which provided for the widening of Conduit Boulevard, including the blocking off of Crescent Street and certain other streets intersecting the boulevard.
It thus appears that the procedure adopted by the city was in accordance with the requirements of the applicable provisions of law. The Board of Estimate, as an official body duly designated to authorize a change in the map, acted only after the proposed changes had been duly studied, reported upon and recommended.
The action of the Board of Estimate in adopting- the resolution changing the city map was legislative in character and not subject to attack in this proceeding. (Kaskel v. Impellitteri, 306 N. Y. 73, 80; Matter of City of New York [Ely Ave.], 217 N. Y. 45.) In the Kaskel case, the court stated, at page 80: “ the situation here actually displayed is one of those as to which the Legislature has authorized the city officials, including elected officials, to make a determination, and so the making thereof is simply an act of government, that is, an exercise of governmental power, legislative in fundamental character, *781 which, whether wise or unwise, can not be overhauled by the courts.”
The opinion of the Court of Appeals in Matter of City of New York [Ely Ave.] (supra, p. 59), is also apposite. There the court cited with approval the proposition that “ courts will not impute to the legislature or the discretionary action of municipal bodies clothed with legislative powers other than public motives for their acts; that the presumption that legislative action has been devised and adopted on adequate information and under the influence of correct motives will be applied to the discretionary action of municipal bodies and wall preclude all collateral attack ”.
In any event, it cannot be said, nor have the petitioners claimed, that the determination of the Board of Estimate, involving, as it must, a finding that the proposed street changes were in the public interest, was an arbitrary or capricious decision. It was based on studies,' hearings and reports of officially designated bodies and duly constituted public officials. In such cases the court will not substitute its judgment as to the wisdom or propriety of the Board of Estimate’s action (Bond v. Cooke, 237 App. Div. 229).
It is unnecessary to discuss in detail the other points raised in this proceeding. It may be noted, however, that petitioner’s allegations of inconvenience and possible danger to pedestrians and vehicles are merely conclusory and do not set forth any facts to sustain petitioner’s claims. As was stated by the court in Matter of Whitman (225 N. Y. 1, 8-9) “ the averments presenting those facts and essential to the issuance of the peremptory writ of mandamus cannot be upon the mere information and belief of the affiant.”
In view of the foregoing, it is clear that an order under article 78 of the Civil Practice Act cannot issue in this proceeding. Petitioners’ application is denied and the petition dismissed. Submit order.