■ In the Matter of Porter Flushing Realty Co., Inc., Respondent, v. New York City Planning Commission, Appellant.— Judgment entered on April 14, 1964, granting the petition herein, and directing the New York City Planning Commission to render a report on the proposal to de-map the route of the Lower Manhattan Expressway within 30 days after service of a certified copy of the judgment, unanimously reversed, on the law, on the facts, and in the exercise of discretion and judgment granted dismissing the petition, without costs. The petitioner brings an article 78 proceeding by way of mandamus to direct the New York City Planning Commission to render a report pursuant to subdivision b of section 199 of the City Charter which provides that, before taking any action on any change in the city map not initiated by the commission, the Board of Estimate shall refer it to the City Planning Commission "which shall * * * report thereon within ten weeks with respect to its relation to the master plan and the city map." The proposed Lower Manhattan Expressway has been under consideration for many years and, finally, on December 11, 1962, the Board of Estimate rejected plans for the construction of the Expressway. On March 7, 1963 the Board of Estimate considered a communication from the President of the Borough of Manhattan, which submitted for approval, a map showing a change in the street system by eliminating the lines of the Lower Manhattan Expressway. The matter was referred to the City Planning Commission which, on April 17, 1963, held a public hearing on the request to de-map the Expessway. No report on the matter has been made by the commission and the present proceeding was brought to compel submission of a report. The petitioner owns certain property on the master plan for the proposed Expressway and contends that the existence of the Expressway routes on the city map interfere with petitioner's ability to finance necessary improvements to its property. Regardless of any recommendation made by the City Planning Commission to the Board of Estimate, it is the board which must take final and conclusive action before any change can be accomplished in the city map. "However useful and arduous the duties and powers of the Planning Commission, they do not include that of final determination. This power and function resides in the Board of Estimate" (*McCabe* v. *City of New York,* 281 N. Y. 349, 353). The relief sought here is for an order to compel performance of an alleged duty. The petitioner has failed to establish that its relationship to the City Planning Commission is such as to entitle it to the enforcement of a clear legal right owing by the commission to it. "The granting of a writ of mandamus rests largely in the discretion of the court. 'The burden

is thrown on the applicant for the order to demonstrate the necessity and the propriety of its use' (*Matter of Coombs* v. *Edwards,* 280 N. Y. 361, 364). Even then the court is not precluded from considering the equities and in the exercise of a sound judicial discretion may deny the order" (*Matter of Frazier-Davis Constr. Co.* v. *Gerosa,* 6 A D 2d 112, 113). When the Board of Estimate, as an official body duly designated to authorize a change in the map, adopts a resolution changing the city map, the action of the Board of Estimate in adopting the resolution changing the city map is legislative in character and not subject to review by a proceeding under article 78 (*Matter of Asness* v. *City of New York,* 5 Misc 2d 779, affd. 4 A D 2d 677). Concur — McNally, J. P., Stevens, Eager, Steuer and Staley, JJ.