■      In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property for Richmond Avenue from Arthur Kill Road to Amboy Road, in the Borough of Richmond.   ELTINGVILLE REALTY CORP. et al., Respondents.— In a condemnation proceeding, the condemnor appeals from the second separate and partial decree of the Supreme Court, Kings County, dated July 11, 1968 and entered in Richmond County, which granted damage awards to respondents.   Decree modified, on the law, by reducing the award to each respondent to $1 and the total of the awards to $6.   As so modified, decree affirmed, without costs.   The findings of fact below are affirmed.   In August, 1957 appellant city, after public auction, conveyed to respondent Eltingville Realty Corp. a parcel of land improved with a building fronting on Richmond Avenue in the Borough of Richmond.   At the time of the auction, the city map showed that part of the parcel was in the bed of Richmond Avenue.   On the area within the bed of the mapped avenue stood approximately one third of the building conveyed.   The city's deed to Eltingville provided: "In the event of the acquisition by The City of New York by condemnation or otherwise of any part or portion of the above premises lying within the bed of any street or avenue as said street or avenue is shown on the present City Map, the party of the second part, and the heirs or successors and assigns of the party of the second part, shall only be entitled to compensation for such acquisition to the amount of One Dollar and shall not be entitled to any compensation for any buildings or structures erected thereon within the lines of the street or avenue so laid out and acquired.   This covenant shall be binding upon and run with the land and shall endure until the City Map is changed so as to

eliminate from within the lines of said street or avenue any part or portion of the premises and no longer." In this proceeding to acquire the part of the parcel within the bed of the mapped avenue, Eltingville demanded consequential damages to the two-thirds remainder of its building. Eltingville's tenants, the remaining respondents, demanded damages to their fixtures. The decree should be modified by reducing the awards granted by Special Term to the sum of one dollar for each respondent. The deed expressly provides that the city's grantee and assigns "shall not be entitled to any compensation for any buildings or structures erected * * * within the lines of the street or avenue so laid out and acquired." In our opinion, an award for consequential damages to the two-thirds remainder of Eltingville's building is compensation for a building erected within the lines of the mapped avenue and, hence, such an award is barred by the grantee's covenant. Brennan, Acting P. J., Hopkins, Benjamin and Munder, JJ., concur; Kleinfeld, J., dissents and votes to affirm the decree, upon the opinions rendered by Mr. Justice James S. Brown at Special Term. [56 Misc 2d 943.]