OPINION OF THE COURT
Stanley S. Ostrau, J.
This is an application by petitioner for an order in this special proceeding: (1) enjoining and prohibiting respondents from conducting a disciplinary hearing against peti *877 tioner under section 4 of article 5 of the respondent union’s constitution and by-laws; (2) declaring that the charges alleged against him by respondents were in violation of petitioner’s constitutional right of free speech, and directing that the charges be dismissed; and (3) directing that plaintiff be permitted to retain counsel of his own choice should the disciplinary hearing be conducted.
Respondents have neither cross-moved nor filed a verified answer in response to the verified petition. The respondents’ attorney’s affirmation submitted in opposition to petitioner’s application is insufficient to raise any objection in point of law requiring dismissal of the petition (see CPLR 404).
The mere argument that petitioner has failed to exhaust his administrative remedies is insufficient to bar this petition where petitioner seeks immediate relief on the grounds that respondents are acting and threatening to act in a manner which infringes upon petitioner’s constitutional rights to free speech and to due process and where petitioner seeks to review certain acts allegedly in violation of lawful procedure (see Sullivan v McFetridge, 183 Misc 106, affd 268 App Div 962, mot for rearg den 268 App Div 1026).
The court notes that also at issue are the statutory rights of a public employee under section 1173-4.1 of the New York City Collective Bargaining Law (NYCCBL; Administrative Code of City of New York, ch 54, § 1173-1.0 et seq.) that public employees shall have the right to “self-organization, to form, join or assist public employee organizations, to bargain collectively through certified employee organizations of their own choosing and shall have the right to refrain from any or all of such activities,” (Administrative Code, § 1173-4.1.) Expulsion from a union is a serious penalty which cannot be permitted to be imposed without proper procedures. Under subdivision b of section 1173-4.2 of the NYCCBL, interference with such rights by a public employee union is prohibited: “It shall be an improper practice for a public employee organization or its agents: (1) to interfere with, restrain or coerce public employees in the exercise of rights granted in section 1173-4.1 of this chapter, or to cause, or attempt to cause, a public *878 employer to do so”. Unfair or unreasonable disciplinary procedures by a public. employee union serve to interfere with the rights of public employees to self-organization and collective bargaining, and such unfair procedures will not be condoned by the courts.
The petition alleges, inter alia, that petitioner is being subject to the potential penalty of dismissal from the respondent union (the P.B.A.) without adequate notice of the charges against him. The only formal charges are contained in a letter from a P.B.A. officer to petitioner which states, in relevant part: “In accordance with our ByLaws, Article 5, ‘Charges’, Section 4, I am informing you that charges have been preferred against you by Public Officer James Rifino, Delegate from District #12. Said charges deal with Article 5, Section 1 of the By-Laws which read — ‘All P.B.A. Officers, Trustees, and Delegates and other members of the Association are bound to act in the best interests of the Association. Any such person who acts otherwise may be charged with acting in a manner inimical to the best interests of the Association’.” No specific charges were provided.
The respondents’ answering papers also fail to indicate the specific nature of the charges in question. Instead, respondents deny that due process requires that respondents provide a particularized statement of the charges against petitioner.
Despite the fact that this matter involves a public employee union, designated as the exclusive bargaining agent for an employee unit which includes petitioner, respondents’ attorney argues that only an internal union matter - is involved with no accountability to the court required. He cavalierly states in his affirmation that: “[A]t this stage, the Court has before it no facts upon which it can rationally determine whether the petitioner’s First Amendment rights are even implicated vis-á-vis his duties and obligations as a loyal Union member.” He argues that petitioner has stated in his petition that he believes that P.B.A.’s charges against him relate to his signing of a petition involving the “Guardian Angels”, and that this allegation by petitioner indicates sufficient knowledge of the charges against him.
*879 Respondents have improperly disregarded the requirement in article 4 of the P.B.A.’s constitution that a member on trial be informed “in writing of the charges against him”. For this notice requirement to be meaningful, the charges must be detailed. Respondents have failed to explain their refusal to detail the charges in question.
The right to notice of charges is a fundamental right of the accused in disciplinary proceedings brought against a member of an unincorporated association for violation of its constitution and by-laws (see Matter of Hecht v Monaghan, 307 NY 461; Polin v Kaplan, 257 NY 277; Harmon v Matthews, 27 NYS2d 656; Ames v Dubinsky, 5 Misc 2d 380). In Matter of Hecht v Monaghan (supra, p 470), the Court of Appeals explained the concept of administrative due process applicable to such circumstances: “The hearing held by an administrative tribunal acting in a judicial or quasi-judicial capacity may be more or less informal. Technical legal rules of evidence and procedure may be disregarded. Nevertheless, no essential element of a fair trial can be dispensed with unless waived. That means, among other things, that the party whose rights are being determined must be fully apprised of the claims of the opposing party and of the evidence to be considered, and must be given an opportunity to cross-examine witnesses, to inspect documents and to offer evidence in explanation or rebuttal”.
From the facts and circumstances before the court, it is evident that, not only have respondents failed to comply with their own notice requirements, but they have interfered with rights guaranteed by section 1173-4.1 of the NYCCBL, and have acted in contravention of rudimentary due process rights recognized by New York law. Accordingly, that branch of the petition which seeks injunctive relief and relief in the nature of prohibition is granted to the extent of enjoining respondents from conducting a disciplinary hearing against petitioner under the purported charges alleged against him by respondents and respondents are directed to dismiss those charges. That branch of the application which seeks a declaration that the charges alleged were in violation of petitioner’s constitutional right of free speech is denied in view of the above *880 determination dismissing the purported charges as unspecified and insufficient to provide notice.
In view of the above determination, the remaining branch of the motion for a direction that plaintiff be permitted to retain counsel of his choice should the hearing be conducted becomes moot with respect to the current charges. However, in view of the likelihood of a continuation of the controversy under subsequently filed detailed charges, the court treats this matter as a separate request for declaratory relief (see CPLR 103, subd [c]).
The court notes that those provisions in a union constitution which deprive a member of a fair trial will not be upheld. The union constitution in question in article 5 permits the president to appoint a member of the executive committee as defense counsel and another as prosecuting attorney. It is the executive committee which determines also that any charges preferred warrant a trial. Under such circumstances, there is an inherent unfairness in permitting the president to appoint defense counsel, as well as the prosecuting attorney, and in permitting the selection to be made from the committee which determined that the charges in question were sufficient to warrant a trial. Under such circumstances, the right of a member to be heard would be of little value if the accused is not permitted to select his or her own counsel. Accordingly, the remaining branch of the application is granted to the extent of declaring that the provision in question in the union constitution is declared to be unreasonable and contrary to law and void to the extent it permits the president to appoint defense counsel for a member subject to a disciplinary proceeding. In view of this finding, the P.B.A. constitution’s recognition of the right to counsel at trial, and the requirements of due process, it is apparent that a union member must be permitted to select independent counsel.