■ In the Matter of RONALD W. REALE, Respondent, v PATROLMEN’S BENEVOLENT ASSOCIATION OF THE NEW YORK CITY TRANSIT POLICE DEPARTMENT et al., Appellants. — Judgment of the Supreme Court, New York County (Ostrau, J.), entered September 21, 1981 which stayed respondents from conducting a disciplinary hearing against petitioner upon the ground that the charges filed against him constituted an infringement of his rights under the First Amendment to the Federal Constitution, and for other reasons, unanimously reversed, on the law and in the exercise of discretion, without costs, and the petition dismissed. Petitioner is, and for nine years has been, a member of the Patrolmen’s Benevolent Association of the New York City Transit Police Department (PBA). At the time of the commencement of this proceeding he was “a delegate to [the] union” (presumptively a representative of some portion of the membership). In 1980 he had been an unsuccessful candidate for president of the PBA. Some time prior to April, 1981 petitioner signed a petition on behalf of the “Guardian Angels”. Thereafter rumors began to circulate that he was to be brought up on charges. By letter dated April 7, 1981 petitioner was informed that he was charged with acting other than in the best interests of the PBA. The same letter informed him of the date and place of hearing and that, in accordance with the provisions of the PBA constitution, the president had designated a member of the PBA to represent him. Petitioner then brought this CPLR article 78 proceeding to enjoin and restrain respondents from conducting a hearing against him upon the charges specified, directing that in the event a proceeding be conducted against him he be permitted to select counsel of his own choice and declaring that the charge against him was a violation of petitioner’s First Amendment rights. We think petitioner has misperceived his remedy. In essence, this proceeding is an application for a writ of prohibition to prevent a body from acting in excess of its jurisdiction. However, its jurisdiction to take disciplinary action is not disputed. What is disputed are the procedures to be employed in such action. CPLR 7801 (subd 1) provides that a proceeding under article 78 shall not be used to challenge a determination which is not final or which can be adequately reviewed by appeal to a court. The first limitation set forth in the statute does not apply to a writ of prohibition for its express purpose is to

prevent the proceeding from going forward. However, the second limitation clearly applies. Plainly, there is an adequate means, by appeal to a court, to challenge the conduct of the PBA. An action for an injunction or an action for a declaratory judgment will afford petitioner the opportunity to obtain the relief sought by him if he establishes his right thereto. Pending final disposition of the matter he may apply for such interim relief as may be appropriate. In sum, he is fully protected. In these circumstances, Special Term should have dismissed the proceeding and relegated petitioner to his remedy by action. Its failure to do so was an abuse of discretion as a matter of law. Concur — Sullivan, J. P., Markewich, Bloom and Milonas, JJ. [109 Misc 2d 876.]