■ SYLVIA T. STEINBERG, Appellant, v SEA GATE ASSOCIA- TION et al., Respondents, et al., Defendant.—In an action, *inter alia,* for a permanent injunction directing the Sea Gate Asso- ciation to remove a jetty, (1) the plaintiff appeals from an order of the Supreme Court, Kings County (Pizzuto, J.), dated December 29, 1983, which granted the respondents' motions to dismiss the complaint, and (2) the plaintiff purportedly ap- peals from an order of the same court, dated March 8, 1984, which denied her motion to modify the order dated December 29, 1983.

Order dated December 29, 1983 affirmed, without costs or disbursements.

Purported appeal from the order dated March 8, 1984 dismissed, without costs or disbursements. The record on appeal contains no notice of appeal therefrom.

The doctrine of exhaustion of administrative remedies re- quires that one first exhaust all available administrative channels before looking to the courts for relief *(see, McKart v United States,* 395 US 185; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Aldrich v Pattison,* 107 AD2d 258). This action was prematurely brought by the plaintiff in that the

Army Corps of Engineers had not yet determined whether to issue an after-the-fact permit to the defendant, Sea Gate Association, for a jetty constructed on a beach abutting the plaintiff's beach-front property. The Army Corps of Engineers possesses the requisite expertise to determine the advantages and disadvantages of the jetty and its effect on the surrounding beach property. If the plaintiff is dissatisfied with its determination, her proper avenue of review is through administrative channels. Thus, the instant action was properly dismissed for failure to exhaust administrative remedies. Said dismissal was not on the merits.

We have examined the plaintiff's other contentions and find them to be without merit. Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.