■ ALFRED ROSENBERG, Respondent, v 135 WILLOW COMPANY et al., Respondents, and IRWIN FRUCHTMAN, as COMMISSIONER OF THE DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK, Appellant. (And Another Action.)—In an action for a judgment declaring, *inter alia,* that a nonoccupant's 10-year lease for a parking space in a residential building did not violate New York City Zoning Resolution § 25-412 and that the lease is valid, the defendant Commissioner of the Department of Buildings of the City of New York appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated November 27, 1985, which, *inter alia,* denied his motion for summary judgment dismissing the complaint, or in the alternative, to declare the plaintiff's lease to be void and unenforceable.

Ordered that the order is reversed, on the law, with costs payable to the appellant by the plaintiff, the appellant's motion is granted, it is declared that the plaintiff's long-term parking lease is void and unenforceable, and the plaintiff's complaint is otherwise dismissed.

Although the doctrine of exhaustion of administrative remedies normally requires that a party first exhaust all available administrative remedies before looking to the courts for relief, and that, ordinarily, the plaintiff initially would be required to bring his claim before the New York City Board of Standards and Appeals, a review of the record reveals that this doctrine need not be applied in the instant case *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Steinberg v Sea Gate Assn.,* 118 AD2d 558; *Meyermac Elmhurst v Esnard,* 111 AD2d 789). The only question raised here is a question of law as to whether the plaintiff's long-term parking lease violates New York City Zoning Resolution § 25-412. Therefore, "[t]he expertise of the Board of Standards and Appeals is not involved and has no relevancy to the case at bar" *(Namro Holding Corp. v City of New York,* 17 AD2d 431, 435, *affd* 14 NY2d 693).

Nevertheless, Special Term erred in denying the appellant's motion for summary judgment on the alternative ground that the plaintiff's 10-year lease violated New York City Zoning Resolution § 25-412. The resolution specifically provides that a nonoccupant of the building may not rent a parking space for a period of more than one month. The plaintiff is a nonoccupant of the building, and therefore his long-term lease clearly violates the zoning resolution. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.