■ CARMINE PETOSA et al., Respondents, v CITY OF NEW

YORK, Appellant.—In an action for a judgment to declare a resolution and map adopted by the Board of Estimate of the City of New York unconstitutional, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Kuffner, J.), entered July 10, 1986, which denied its cross motion for summary judgment dismissing the complaint, and granted the plaintiffs' motion for summary judgment declaring the map unconstitutional as applied to the plaintiffs' property.

Ordered that the order and judgment is reversed, on the law, with costs, the plaintiffs' motion is denied, the defendant's cross motion is granted, and the complaint is dismissed.

In April 1985 the plaintiffs took title to the subject property, which is located at 191 Boardwalk Avenue, Staten Island. A portion of the property is subject to street map V599-3040 adopted by the City Board of Estimate in 1960. Approximately one third of the total property and 50% of the existing house lie in the mapped bed of Boardwalk Avenue which is proposed to be widened from its present width of 20 feet to 60 feet.

The plaintiffs allege that they purchased the property with the specific intent of making $250,000 in alterations and renovations to the existing residence but that the mapping of their property prevents them from undertaking this rebuilding program. Although they allege that they did not become aware of the restrictions imposed by the street map until after they took title, a survey of the property dated February 13, 1985, clearly indicates that the property was subject to the proposed expansion of Boardwalk Avenue. The plaintiffs were advised by their architect that under General City Law § 35 they could apply for a permit to build in the bed of the mapped street, but they chose not to do so because, *inter alia,* they were informed by the architect that the cost of seeking such a variance might be as much as $15,000.

The plaintiffs commenced this action in August 1985 seeking a declaratory judgment that the street map as it affected their property was unconstitutional and void and thereafter moved for summary judgment. In its answer and in its cross motion for summary judgment dismissing the complaint, the defendant argued that the plaintiffs had not exhausted their administrative remedies. The defendant contended that in addition to seeking a permit under General City Law § 35, the plaintiffs could apply to "demap" Boardwalk Avenue pursuant to the New York City Charter § 197-c.

The Supreme Court found that because of the mapping the

plaintiffs' property was "virtually unsaleable" and therefore the map effected an unconstitutional taking of the property without just compensation. The Supreme Court further held that the plaintiffs were not required to exhaust their administrative remedies since pursuit of such relief would be futile.

On appeal the defendant argues that the issues presented by the plaintiffs are not ripe for judicial review *because* they have failed to exhaust their administrative remedies. However, as the Court of Appeals noted in *Church of St. Paul & St. Andrew v Barwick* (67 NY2d 510, 521, *cert denied* — US —, 107 S Ct 574), the doctrines of "ripeness" and "exhaustion of administrative remedies" are distinguishable: "Ripeness pertains to the administrative action which produces the alleged harm to plaintiff; the focus of the inquiry is on the finality and effect of the challenged action and whether harm from it might be prevented or cured by administrative means available to the plaintiff. The focus of the 'exhaustion' requirement, on the other hand, is not on the challenged action itself, but on whether administrative procedures are available to review that action and whether those procedures have been exhausted".

Using the standard applied by the Court of Appeals, it is clear that the issues tendered by the plaintiffs are not ripe for review. Under that standard there must first be a showing that the administrative action challenged is final so that only a " 'purely legal' question" remains to be resolved *(Church of St. Paul & St. Andrew v Barwick, supra,* at 519). Second, there must be a showing that the administrative action will have a direct and immediate affect on the complaining party. "[I]f the claimed harm may be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" the controversy cannot be ripe *(Church of St. Paul & St. Andrew v Barwick, supra,* at 520).

In the instant case the mere mapping of the plaintiffs' property cannot be considered a final administrative action *(see, Church of St. Paul & St. Andrew v Barwick, supra,* at 522). Until the plaintiffs seek either a building permit under General City Law § 35 or apply for the "demapping" of Boardwalk Avenue pursuant to New York City Charter § 197-c there can be no "final" administrative action and until a decision is made on either of those applications, the impact of the mapping on the plaintiffs' property cannot be considered direct and immediate *(see, Church of St. Paul & St. Andrew v Barwick, supra,* at 522-523).

Even if the mapping, per se, was considered a final adminis-

trative action subject to review, the plaintiffs' motion would still have to be denied for failure to exhaust administrative remedies *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Rosenberg v 135 Willow Co.,* 130 AD2d 566). There is no evidence in the record that resort to the administrative remedies available under General City Law § 35 or New York City Charter § 197-c would necessarily prove futile *(see, Matter of Kibbe v Scully,* 97 AD2d 795; *cf., Rosenberg v 135 Willow Co., supra).*

Finally, assuming, arguendo, that the question tendered was presently available for judicial review, the record simply does not support a finding that the mapping in question results in an unconstitutional taking of the plaintiffs' property. Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.