■ BREEZY POINT COOPERATIVE, INC., Appellant, v CITY OF NEW YORK, Respondent.—In an action, *inter alia,* for specific performance of an alleged promise to grant the plaintiff's application for street demapping, the plaintiff appeals from an order of the Supreme Court, Queens County (Posner, J.), dated January 22, 1990, which granted the defendant's motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff's property is located on Rockaway Peninsula in Queens County and is improved with approximately 2,800 single-family residences. In 1947, the Board of Estimate of the City of New York approved a "mapped paper streets system" which established a system of public streets in Breezy Point. As a result, several hundred homes in Breezy Point are situated entirely or partially in the beds of the mapped streets, and cannot be altered or enlarged without a permit from the Board of Standards and Appeals of the City of New York (hereinafter BSA) *(see,* General City Law § 35). Subsequently, the City also adopted certain fire access requirements which rendered many homes in Breezy Point nonconforming, separated as they are by narrow walkways. Although these homes may continue to be lawfully occupied, they likewise cannot be substantially altered or enlarged without permission from the BSA *(see,* General City Law § 36). In 1960, the City adopted the current zoning resolution, the effect of which was to further increase the number of nonconforming homes in Breezy Point or the degree of nonconformity in already nonconforming residences.

In 1984, the City and the plaintiff reached an agreement whereby the Department of City Planning would act as a co-applicant in connection with applications by the plaintiff to demap most streets in Breezy Point that were proposed in 1947 but never built, and to remove the other access and zoning restrictions on as-of-right development. Thereafter, the plaintiff built, at its own expense, paved fire lanes over which fire and emergency vehicles would be granted a right of way. In addition, the plaintiff upgraded Breezy Point's water supply system and provided additional fire hydrants.

In 1985, the City informed the plaintiff that the Department of City Planning would no longer act as co-applicant with regard to the plaintiff's demapping and rezoning applications. According to the plaintiff, this decision was directly related to

the plaintiff's prior determination not to grant the City a public waterfront access easement over a portion of the plaintiff's beachfront.

The plaintiff commenced this action in July 1988 to compel the City to act as the plaintiff's co-applicant in connection with the plaintiff's demapping and rezoning applications, or in the alternative, that the City be directed to pay damages equal to the amounts expended by the plaintiff in improving emergency vehicle access, and the water supply system in Breezy Point. In support of these demands, the plaintiff argued that the City should be equitably estopped from reneging on its promise to act as the plaintiff's co-applicant. The plaintiff also claimed that both the 1947 street mapping and the City's determination not to act as co-applicant on the plaintiff's demapping and rezoning applications amounted to unconstitutional taking of property without compensation.

The Supreme Court properly dismissed the plaintiff's first and second causes of action which were based upon the doctrine of equitable estoppel. As a general rule, estoppel is not available against a governmental agency which is acting in the exercise of its governmental functions *(see, Matter of Daleview Nursing Home v Axelrod,* 62 NY2d 30, 33; *see also, Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 370), and the instant case does not present a situation calling for the extraordinary and rarely applied exception to this rule *(see, Scruggs-Leftwich v Rivercross Tenants' Corp.,* 70 NY2d 849, 853; *Bender v New York City Health & Hosps. Corp.,* 38 NY2d 662, 668). In any event, it cannot be said that the improvements made for purposes of emergency vehicle access and firefighting capability in Breezy Point were detrimental steps taken in reliance upon the City's promise to act as the plaintiff's co-applicant *(see, Bender v New York City Health & Hosps. Corp., supra,* at 668). Whether or not the City acts as the plaintiff's co-applicant, the improvements in question will further the plaintiff's interests in connection with the still pending demapping and rezoning applications. Although the granting of these applications may not be assured, the plaintiff will be free to challenge any negative determinations in proceedings for judicial review pursuant to CPLR article 78.

The plaintiff's third cause of action alleging that the 1947 street mapping effected an unconstitutional taking of property without compensation was also properly dismissed. Due to the availability of administrative remedies pursuant to both New York City Charter § 197-c and General City Law § 35, the 1947 mapping cannot be considered a final administrative action.

Therefore, this taking claim is clearly not ripe for judicial review *(see, Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 520, *cert denied* 479 US 985; *Petosa v City of New York,* 135 AD2d 800). Even if the mapping, per se, were considered a final administrative action subject to review, the plaintiff's motion would still have to be denied for failure to exhaust administrative remedies *(see, Petosa v City of New York, supra,* at 802-803; *see generally, Matter of Ward v Bennett,* 174 AD2d 681). Furthermore, the record does not demonstrate that resort to General City Law § 35 or New York City Charter § 197-c would necessarily prove futile *(Petosa v City of New York, supra,* at 803).

The complaint's fourth cause of action, alleging that the City's decision not to act as the plaintiff's co-applicant on the demapping and rezoning applications constituted a "de facto" taking of plaintiff's property, also fails to state a cause of action, since the plaintiff never had an enforceable right to the City's assistance in these matters. Bracken, J. P., Sullivan, O'Brien and Ritter, JJ., concur.