OPINION OF THE COURT
Bellacosa, J.
The New York City Department of Buildings (DOB) denied the petitioner Wards’ application for a permit to build a single-family house in the bed of a mapped, but unopened and undeveloped, Staten Island street. After an unsuccessful appeal to the Board of Standards and Appeals (Board), the Wards brought this CPLR article 78 proceeding alleging that the Board acted arbitrarily and capriciously, and that denial of their administrative appeal deprived them of the use of their property without just compensation in violation of the Federal and State Constitutions (US Const 5th, 14th Amends; NY Const, art I, § 7). Both courts below held that the Board had a sufficient basis for denying the administrative appeal and that the Wards’ confiscation claim was premature due to their failure to pursue "demapping” under sections 197-c and 197-d of the New York City Charter.
 We agree that the Board’s determination was not arbitrary and capricious. However, we conclude that the Wards’ confiscation claim is ripe for judicial review. The independent demapping remedy available to the Wards only from the City Council is not a bar to judicial consideration of the constitutionality of the Board’s final action as it bears on the Wards’ claim of an uncompensated confiscation of their property. We therefore reinstate so much of the petition as alleged an unconstitutional taking of property and remit to the Supreme Court for further proceedings.
The property at issue is a vacant and unimproved lot *398 located at 31 Dallas Street in Richmond County. The Wards took title to the property in 1966 with knowledge of and expressly subject to an extension through the property of a "paper” street named North Burgher Avenue. As shown on a 1944 map, the paper street overlapped more than 85% of the Wards’ property. Twenty years after taking title, the Wards applied to the DOB for a permit to build a two-story single-family house on the property. The DOB denied the application citing General City Law § 35, which prohibits issuance of permits to build in the bed of a mapped street.
The Wards appealed to the Board, which requested and received comments from several interested New York City agencies. The Department of Environmental Protection (DEP) stated in a letter that the bed of North Burgher Avenue was required for the installation of two "future” sanitary and storm sewers. The Department of Transportation Bureau of Highway Operations (DOT) stated its concern that established grades, drainage plans and sewer district water supply lines would have to be revised if the application were granted. That agency also noted that grade changes could cause damage to existing dwellings and that North Burgher Avenue had recently been improved just north of the Wards’ property. After two days of hearings, the Board unanimously voted to deny the appeal. The resolution incorporated the comments of the DEP and DOT, and stated that the proposed building would bar uninterrupted development of North Burgher Avenue to the south.
The Wards commenced this article 78 proceeding requesting judgment declaring that the Board had acted arbitrarily and capriciously and that they had a right to commence construction on their property. They also requested a hearing to determine damages resulting from the alleged unlawful taking of their property without just compensation. Supreme Court, Richmond County, denied the application and dismissed the petition without prejudice to any demapping rights under section 197-c of the New York City Charter (Uniform Land Use Review Procedure [ULURP]). The court concluded that the Board had a "rational and proper basis to deny [the] application for the building permit because the proposed construction would interfere with the planned future development of North Burgher Avenue and the drainage plans for the area.” Supreme Court also concluded that the Wards’ unconstitutional taking argument was not "ripe” for determination "[b]ecause petitioners still have an administrative ave *399 nue to pursue, i.e. a demapping under ULURP.” The Appellate Division affirmed, characterizing the prematurity problem as a failure to "exhaust * * * administrative remedies” (174 AD2d 681, 682, lv denied as unnecessary 78 NY2d 995). Two Justices dissented in part, agreeing that the Board’s denial was rational but concluding that the taking argument was ripe. The Wards then took this appeal as of right.
General City Law § 35 generally prohibits issuance of a permit for "any building in the bed of any street or highway shown or laid out on [an official] map or plan.” However, when a property owner can establish that the land within such mapped street is not yielding a fair return, or when the proposed street extension has been mapped for at least 10 years but the City has not acquired title, the Board of Appeals is empowered to grant a building permit. Decisions of the Board of Appeals are judicially reviewable "in the same manner and pursuant to the same provisions as in appeals from the decisions of such board upon zoning regulations” (General City Law § 35).
The standard of judicial review in such cases is well established:
"The courts may set aside a zoning board determination only where the record reveals illegality, arbitrariness or abuse of discretion. * * * Phrased another way, the determination of the responsible officials in the affected community will be sustained if it has a rational basis and is supported by substantial evidence in the record.” (Matter of Cowan v Kern, 41 NY2d 591, 598, rearg denied 42 NY2d 910.)
Here, the record indicates that in connection with its consideration of the Wards’ appeal, the Board assessed comments from several New York City agencies. These agencies expressed concern that the proposed building would adversely affect further development of the mapped street, including the installation of sanitary and storm sewers, and grading and drainage in the area. We agree with the courts below that this evidence provides a substantial, rational basis to support the Board’s discretionary determination under General City Law § 35 denying the Wards’ application for a building permit.
The Wards’ constitutional confiscation claim is discrete from the article 78 challenge to the Board’s determination. The courts below rejected the confiscation claim on the ground *400 that it was not "ripe” for judicial consideration. In holding that the Wards had not "exhausted their administrative remedies”, they blurred the distinction between these two defensive doctrines, described in Church of St. Paul & St. Andrew v Barwick as follows:
"Ripeness pertains to the administrative action which produces the alleged harm to plaintiff; the focus of the inquiry is on the finality and effect of the challenged action and whether harm from it might be prevented or cured by administrative means available to the plaintiff. The focus of the 'exhaustion’ requirement, on the other hand, is not on the challenged action itself, but on whether administrative procedures are available to review that action and whether those procedures have been exhausted.” (67 NY2d 510, 521 [emphasis added], cert denied 479 US 985.)
No further administrative avenues are open to review the Board’s determination denying the Wards’ application for a building permit. Therefore, the exhaustion doctrine is not implicated here. The confiscation claim, on the other hand, turns on ripeness, which does not occur until "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue” and has "arrived at a definitive position on the issue that inflicts an actual, concrete injury.” (Williamson Planning Commn. v Hamilton Bank, 473 US 172, 186, 193 [emphasis added]; see also, de St. Aubin v Flacke, 68 NY2d 66, 75.)
The Board is the exclusive governmental entity empowered to grant a permit to build in the bed of North Burgher Avenue. Its resolution confirming the DOB denial of the Wards’ building permit constitutes its "final” and "definitive” decision regarding the availability of the permit. No further relief in this respect is available to the Wards from the Board. Thus, this is not a case like Church of St. Paul & St. Andrew v Barwick (67 NY2d 510, supra), where some measure of administrative relief could still be obtained from the same governmental agency whose determination was being challenged, thus blocking judicial review for lack of ripeness.
Moreover, the ripeness doctrine does not impose a threshold *401 barrier requiring pursuit of all possible remedies that might be available through myriad government regulatory and legislative bodies (see, de St. Aubin v Flacke, 68 NY2d 66, supra; Petosa v City of New York, 135 AD2d 800, lv denied 71 NY2d 807). Indeed, we have said such a requirement might create a "bureaucratic nightmare” and undue hardship (de St. Aubin v Flacke, supra, at 75-76; Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, 519-520, supra). An aggrieved property owner could be effectively blocked from seeking meaningful judicial review of a confiscation claim until, for example, a change in governing law — a possibly excessively burdensome course of action, such as is presented in this case. Indeed, the relevant alternative relief here is available only through an elaborate demapping procedure, which is costly, cumbersome, lengthy and requires the final approval of the New York City Council, the ultimate legislative body of the City (see, Kaskel v Impellitteri, 306 NY 73, 80, cert denied 347 US 934; Borducci v City of Yonkers, 144 AD2d 321, 324; Matter of Asness v City of New York, 4 AD2d 677, affg without opn 5 Misc 2d 779).
Thus, we have no occasion to speculate whether the ripeness doctrine may be interposed to block judicial review in those circumstances where a final determination of one administrative agency may be readily remedied by resort to another administrative entity with concurrent or efficacious, relevant jurisdiction over land development. Under our governing principles and precedents (see, e.g., de St. Aubin v Flacke, 68 NY2d 66, supra; Church of St. Paul & St. Andrew v Barwick, 67 NY2d 510, supra), the Wards’ confiscation claim in this case is ripe.
Accordingly, the order of the Appellate Division should be modified, without costs, and the case remitted to Supreme Court, Richmond County, for further proceedings in accordance with this opinion, and as so modified, affirmed.
Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., and Yesawich, Jr.,* concur; Judge Simons taking no part.
Order modified, without costs, and case remitted to Supreme Court, Richmond County, for further proceedings in accordance with the opinion herein.

 Designated pursuant to NY Constitution, article VI, § 2.