Matter of City of New York (2004 NY Slip Op 50461(U))

[*1]

Matter of City of New York

2004 NY Slip Op 50461(U)

Decided on May 18, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 18, 2004

Supreme Court, Kings County
In the Matter of the Application of the City of New York, relative to acquiring title in fee simple absolute to certain real property where not heretofore acquired for Richmond Creek Staten Island Bluebelt System
2710/94

Abraham G. Gerges, J.
in this condemnation proceeding, the condemnor, the City of New York (the City) moves for an order declaring that the claimant Yasemin North Packtor (claimant) is entitled to the sum of only one dollar as compensation for the taking of that portion of her property designated on the City Tax Map for the Borough of Staten Island as Block 2265, Lots 21 and 25, which is located in the bed of a mapped street and is subject to a one dollar clause in the chain of title to the property (i.e., damage parcels 24A and 25A).
By deed dated November 2, 1966, the City, after a public auction, conveyed to Peter Stoyanov, the subject property, which is located in Staten Island, for the purchase price of $1,000. Thereafter, Peter Stoyanov conveyed the property to claimant. The November 2, 1966 deed conveyed the property "subject to the street lines or street." The deed further provided:
"In the event of the acquisition by The City of New York by condemnation or otherwise of any part or portion of the above premises lying within the bed of any street, avenue, parkway, expressway, park, public place or catch-basin as said street, avenue, parkway, expressway, park, public place or catch-basin is shown on the then present City Map, the party of the second part, the heirs or successors and assigns of the party of the second part, shall only be entitled as compensation for any acquisition by The City to the Amount of one dollar, and shall not be entitled to compensation for any buildings or structures erected thereon within the lines of the street, avenue, parkway, expressway, park, public place or catch-basin so laid out and acquired. This covenant shall be binding upon and run with the land and shall endure until the City Map is changed so as to eliminate from within the lines of said street, avenue, parkway, expressway, park, public place or catch-basin any part or portion of the premises and no longer."
A portion of the subject property lies within the bed of Eleanor Street, an unopened mapped street, which is shown on City Map No. 991, New Dorp Manor Division No. 2, filed in the Richmond County Clerk's Office on November 1, 1906. The street was not opened as a roadway. The City, however, has acquired claimant's property by condemnation for "the conveyance and storage of stormwater," and to preserve it as wetlands and natural park land as part of a drainage corridor. Claimant seeks compensation from the City for all of her property, including that portion of it which is located within the bed of the mapped street. The City contends that the above-quoted clause in the deed, limiting claimant's compensation for said portion of her property to one dollar (the dollar clause) is applicable and restricts claimant's recovery for this portion of her property to the sum of one dollar.
In addressing this issue, the court notes that by its express terms, the dollar clause covenant is binding upon and runs with the land, and, thus, claimant acquired the property subject to this covenant and is bound by it (see Matter of City of New York [Eltingville Realty Corp.], 33 AD2d 772, 772-773, affd 27 NY2d 943). Claimant also knew or should have known of the existence of this dollar clause in her chain of title when she acquired title of the property. Claimant contends, however, that since the City's acquisition by condemnation of her property [*2]was not for street purposes and does not relate to the opening of a roadway, the dollar clause does not apply to limit her recovery.
Claimant's contention is without merit. There is no ambiguity in the language employed in the deed. The deed contains no restriction with respect to the reason for the City's acquisition of the property on the encumbrance and the dollar clause. Rather, the clear and precise wording therein simply limits compensation for acquisition by condemnation by the City of that portion of the premises lying within the bed of the street as shown on the City Map to the amount of one dollar.
There is thus no limitation, expressed in the deed or otherwise, on the City's right to put the property to an alternate public use upon the discontinuation of the City's original planned public purpose (see Matter of City of New York [Eltingville Realty Corp.], 33 AD2d at 773). The streets in New York are laid out in conformance with a General City Map, which is part of a comprehensive plan for the City (see Headley v City of Rochester, 272 NY 197, 200). Article 3 of the General City Law provides for the adoption of a general map to provide "the machinery for intelligent planning in advance for the needs of the [C]ity as the [C]ity is expected to grow in the future" (id. at 201). "In general, the power of eminent domain may be exercised to take property as long as there is a legitimate public purpose to the taking" (Vitucci v New York City School Constr. Auth., 289 AD2d 479, 480). Therefore, although, here, the City has acquired claimant's property for a different purpose than originally planned, it has acquired it for the legitimate public purpose of the preservation of wetlands, and the dollar clause remains applicable.
Claimant argues that the language in the deed, stating that the dollar clause covenant only endures until the City Map is changed, shows that she is entitled to full compensation for this portion of her property. Such argument is rejected. Claimant never applied for a demapping of the roadbed pursuant to New York City Charter §§197-c through 199 (see Petosa v City of New York, 135 AD2d 800, 802), and the City Map has not been changed.
 Claimant's argument that the court should value her property by speculating what its value might have been if she had successfully applied for a demapping of the roadbed, is similarly unavailing. While it is true that a claimant's property should be valued at its highest and best use (see Keator v State of New York, 23 NY2d 337, 339), this concept cannot be used as a basis to circumvent and contravene the express and unambiguous terms of the deed and the controlling principles of contract and property law upon which the
issue at bar is grounded.
 Claimant also contends that the City's failure to open the street, within 10 years after the paper street appeared on a City map, requires that the mapped street be eliminated. Such contention is devoid of merit. "[T]he City is under no compulsion to open any street shown on the map unless and until the legislative body of the City decides that it is actually needed" (Headley, 272 NY at 201). The City's failure to do so did not waive its public right in the property, created by the deed, which constitutes an encumbrance upon it, to appropriate the land.
Claimant further argues that the fact that a portion of her property is shown on a mapped street does not preclude compensation for that area because a property owner can eliminate mapped but unopened streets by application. Claimant relies upon General City Law § 35. Such statute, however, merely provides that the City may, after a hearing on notice, grant a property owner a permit for a building in the street, and in doing so, may impose reasonable requirements [*3]as are necessary to protect the public interest (General City Law § 35). Here, claimant never applied for such a permit and this statute is wholly inapplicable to this case (see Bibber v Weber, 199 Misc 2d 906, 908, affd 278 App Div 973). Claimant's reliance upon Matter of Ward v Bennett (214 AD2d 741, 743), is misplaced because in that case, in contrast to the case at bar, there was a final determination by the Board of Standards and Appeals of the City of New York denying the petitioners' application for a building permit under General City Law § 35 to erect a one family dwelling on their property (see also Matter of Ward v Bennett, 79 NY2d 394, 400).
Following submission of the City's reply affirmation, claimant's attorney, at oral argument and in a supplemental affirmation, has raised the additional argument that there is no competent proof that damage parcels 24A and 25A are, in fact, part of the final City Map, which is referenced in the deed and that, therefore, claimant's damages award cannot be limited to one dollar. This argument is rejected. Claimant's attorney concedes that the unopened mapped street, Eleanor Street, exists according to the damage map in this proceeding by virtue of City Map No. 991, New Dorp Manor Division No. 2, filed in the Richmond County Clerk's office on November 1, 1906. Moreover, claimant's attorney's argument contradicts claimant's own appraisal which states that the subject property lies in the bed of the mapped street, and claimant's attorney's earlier statement, in his letter dated August 14, 2003, which conceded "the fact that a portion of claimant's property is shown on a mapped street." It is also noted that claimant's attorney has stated his opposition to the suggestion of a determination of this issue at trial.
In any event, the November 2, 1966 deed which contains the dollar clause expressly states that the property is conveyed "subject to the street lines or street as shown on Map No. 3407 (City Planning Map No. 18765) adopted by the Board of Estimate on June 11, 1965 (Calendar No. 37)." Thus, the deed itself acknowledges the existence of the filed map, showing the designated mapped street, and claimant's attorney's speculation that the filed June 11, 1965 final City Map might show otherwise, would render this language meaningless and be contrary to the plain terms of the deed. In addition, contrary to claimant's attorney's assertion in a letter dated May 6, 2004, which annexes a letter by an attorney for the City regarding an incorrect marking on a City damage map in an unrelated case, the City's letter does not show that the City routinely makes mistakes on maps nor does it provide evidence that any mistake was made in the City Map at issue in this case.
Accordingly, the City's motion for an order declaring that the dollar clause is applicable and limits claimant's damages award for the taking of that portion of her property which is located within the bed of the mapped street to the sum of one dollar, is granted.
This constitutes the decision and order of the court.
E N T E R,
J. S. C.