■ In the Matter of PATRICK DORME, JR., Appellant, v RICH-ARD SLINGERLAND et al., Respondents. [838 NYS2d 159]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village Administrator of the Village of Pelham, dated October 4, 2005, which, inter alia, required the petitioner to pay for one half of the costs of his family health insurance benefits pursuant to a collective bargaining agreement, the petitioner appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Lippman, J.), dated May 1, 2006, as denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner, Patrick Dorme, Jr., retired from the police department of the respondent Village of Pelham in December 1990 due to a line-of-duty injury. The petitioner claims that, at the time he retired, the then-Village Administrator of the Village of Pelham (hereinafter the Village Administrator) represented to him that the Village would pay 100% of the costs of his family health insurance benefits.

On October 4, 2005 the respondent Richard Slingerland, as Village Administrator, notified the petitioner, inter alia, that he would be required to pay one half of the costs for his family health insurance benefits. The petitioner commenced this proceeding for judicial review of that determination. In response, the Village Administrator and the Village affirmatively asserted that the petitioner failed to exhaust his administrative remedies by failing to avail himself of the grievance procedure outlined in the subject collective bargaining agreement (hereinafter the CBA). The Supreme Court dismissed the proceeding on that ground. We affirm.

Contrary to the petitioner's argument, his status as a retiree is not determinative of whether the grievance process outlined in the subject CBA applies (*see Matter of City of Elmira [Elmira Professional Firefighters' Assn., AFL-CIO, I.A.F.F.—Local 709], 34 AD3d 1075, 1077 [2006]; Matter of City of Ithaca [Ithaca Paid Fire Fighters Assn., IAFF, Local 737], 29 AD3d 1129, 1132 [2006]*). Further, the issue regarding the benefits to which the petitioner is entitled is subject to the grievance proceeding as outlined in the subject CBA, and the petitioner's failure to pursue that procedure warrants denial of the petition and dismissal of the proceeding (*see Sheridan v Town of Orangetown, 21 AD3d 365, 366 [2005]; Matter of O'Connor v Police Commn. of Town of Clarkstown, 301 AD2d 654 [2003]*).

The petitioner's remaining contentions are without merit. Miller, J.P., Mastro, Dillon and McCarthy, JJ., concur. [*See* 12 Misc 3d 815 [2006].]