■ In the Matter of MUHAMMAD SHAHID NAZIR, Appellant, v CHARGE & RIDE, INC., Respondent. [945 NYS2d 179]—

In a proceeding pursuant to CPLR article 78 to review a determination of Charge & Ride, Inc., dated April 15, 2010, which, after a hearing, expelled the petitioner from membership in and terminated the petitioner's affiliation with Charge & Ride, Inc., the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Rosengarten, J.), entered December 29, 2010, which granted the motion of Charge & Ride, Inc., pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

"Generally, 'one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law' " (Matter of Laureiro v New York City Dept. of Consumer Affairs, 41 AD3d 717, 719 [2007], quoting Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; see Matter of Murray v Downey, 48 AD3d 817, 818 [2008]; Matter of Dorme v Slingerland, 41

AD3d 596 [2007]). "[E]xhaustion of administrative remedies is not required where an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, when resort to an administrative remedy would be futile, or when its pursuit would cause irreparable injury" (*Matter of Laureiro v New York City Dept. of Consumer Affairs*, 41 AD3d at 719; *see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57; *Matter of Beyah v Scully*, 143 AD3d 903 [1988]). Since a quasi administrative membership determination made by a private corporation is subject to review pursuant to CPLR article 78 (*see Matter of Guldal v Inta-Boro Two-Way Assn., Inc.*, 74 AD3d 1198 [2010]; *Goldin v Engineers Country Club*, 54 AD3d 658, 559 [2008]; *Matter of Murphy v St. Agnes Hosp.*, 107 AD2d 685, 687 [1985]), the requirement that a petitioner exhaust his or her administrative remedies prior to seeking judicial review applies to such a determination as well (*see generally Matter of Gerard v Section III of N.Y. State Pub. High School Athletic Assn.*, 210 AD2d 938, 939 [1994]; *Matter of Reale v Patrolmen's Benevolent Assn. of N.Y. City Tr. Police Dept.*, 90 AD2d 755, 755 [1982], *revd on other grounds* 59 NY2d 901 [1983]).

As the petitioner never sought review of his case by the respondent's membership division, and there is no basis to conclude on this record that such an attempt would have been futile (*see Matter of Hanchard v Facilities Dev. Corp.*, 85 NY2d 638, 645 [1995]; *Matter of Ward v Bennett*, 174 AD2d 681 [1991], *mod* 79 NY2d 394 [1992]; *Petosa v City of New York*, 135 AD2d 800, 803 [1987]), the Supreme Court properly granted the respondent's motion to dismiss the petition for failure to exhaust administrative remedies and dismissed the proceeding, and we do not reach the merits of the petition. Rivera, J.P., Chambers, Roman and Miller, JJ., concur.