Matter of Jewish Press, Inc. v New York City Dept. of Records & Info. Servs. (2023 NY Slip Op 01841)

Matter of Jewish Press, Inc. v New York City Dept. of Records & Info. Servs.

2023 NY Slip Op 01841

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Manzanet-Daniels, J.P., Kern, González, Scarpulla, Pitt-Burke, JJ. 

Index No. 157034/21 Appeal No. 17640 Case No. 2022-02608 

[*1]In the Matter of The Jewish Press, Inc., Petitioner-Appellant,
v
New York City Department of Records and Information Services, Respondent-Respondent.

Aron Law, PLLC, Brooklyn (Joseph H. Aron of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jeremy Pepper of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Alexander Tisch, J.), entered June 9, 2022, denying the petition to compel respondent to disclose records requested by petitioner pursuant to the Freedom of Information Law (FOIL) (Public Officers Law §§ 84-90), and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Contrary to respondent's argument, petitioner exhausted its administrative remedies, since petitioner undisputedly filed a timely administrative appeal from respondent's initial denial of petitioner's FOIL request (see Matter of Ward v Bennett, 79 NY2d 394, 400 [1992]; cf. Matter of Jamison v Tesler, 300 AD2d 194 [1st Dept 2002] [the petitioner failed to meet the exhaustion requirement by failing to bring any administrative appeal]). Petitioner was not required to bring a second administrative appeal challenging respondent's determination of the first administrative appeal.
However, assuming without finding that petitioner has "substantially prevailed" in this proceeding, the court properly denied petitioner's request for attorney's fees and costs because respondent had a "reasonable basis for denying access" to the records sought (Public Officers Law § 89[4][c][ii]), other than the limited information disclosed before petitioner commenced this proceeding. During the pendency of this proceeding, respondent used a publicly searchable portal maintained by respondent to create Excel spreadsheets that undisputedly contained all of the remaining information responsive to petitioner's FOIL request, after which respondent provided the new documents to petitioner. Under the particular circumstances of this case, respondent established that it had a reasonable basis for believing that creating these records in response to the FOIL request went beyond what the statute required of the agency (Public Officers Law § 89[3][a]; see Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464-465 [2007]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023