■ In the Matter of DONALD LUNDGREN, on Behalf of LINNEA LUNDGREN, Petitioner, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by

order of the Supreme Court, entered in Saratoga County) to review a determination of respondent State Department of Social Services which denied petitioner's application for Medicaid benefits.

The issue before us is whether respondents properly denied petitioner's medical assistance application because Linnea Lundgren is not a resident of New York. Lundgren was a longtime resident of Saratoga County. In November 1985, she entered Wesley Health Care Center in the City of Saratoga Springs, Saratoga County, when she broke her arm and became immobilized. In December 1985 she was discharged to petitioner, her son, with whom she lived in Massachusetts until April 1986, when she was admitted to a Massachusetts nursing home as a private-pay patient. In October 1986 petitioner applied for Medicaid assistance on Lundgren's behalf in Saratoga County as part of an effort to place her in a Saratoga County nursing home. This application was denied after a statutory fair hearing. The Hearing Officer concluded that there was contradictory evidence presented as to Lundgren's mental ability to choose a residence which was insufficient to make any conclusion on the point. He concluded from the evidence that Lundgren's residence was in Massachusetts and that her application must be made there. Significant to the determination was Lundgren's physical presence in Massachusetts for the prior nine months and her transfer of title to her Saratoga County home to petitioner and his wife in November 1985 without retaining any interest therein such as a life estate. The absence of any statement at the hearing from petitioner as to her intent was also deemed crucial.

Respondents' determination must be confirmed. An applicant for medical assistance has the burden of establishing his or her entitlement to benefits (see, Matter of Cole v Blum, 86 AD2d 749). Under joint Federal and State Medicaid assistance programs authorized by title XIX of the Social Security Act, State officials must adhere to Federal standards in determining eligibility (cf., Matter of Dumbleton v Reed, 40 NY2d 586, 587). 42 CFR 435.403 (i) (3) provides that State residence for an institutionalized individual who is incapable of indicating intent is the State where the person is physically present. 42 CFR 435.403 (i) (4) provides that, for any other institutionalized individual, the State where the individual is living with the intention to remain there permanently or for an indefinite period is the residence of such individual.

We conclude that there is substantial evidence to support respondents' denial of petitioner's application for benefits on

Lundgren's behalf based on the failure to establish her residency in New York. Although the record contained evidence both supporting and contradicting respondents' conclusion, we hold that respondents could reasonably conclude on this record that petitioner failed to establish by sufficient evidence Lundgren's intention to reside in New York.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.