■ In the Matter of DIANE MCMORRIS, on Behalf of ADELAIDE M. HALL, Deceased, Petitioner, v MARY C. GLASS, as Commissioner of the New York State Department of Social Services, et al., Respondents. [641 NYS2d 185] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Commissioner of Social Services which denied petitioner's application for medical assistance on behalf of decedent, Adelaide M. Hall.

In 1985, due to her advanced age and deteriorating health, petitioner's mother, Adelaide M. Hall (hereinafter decedent), moved into petitioner's residence in Washington County. On

February 7, 1986, decedent was admitted to a nursing home in Saratoga County and on October 22, 1986 she was admitted to Prospect Nursing Home in Vermont. From that time until her death in 1995, decedent remained a resident of Prospect Nursing Home and its affiliate, Watson House Community Care Home (also in Vermont), as a "private pay" patient. In March 1994, petitioner applied on decedent's behalf to the Washington County Department of Social Services (hereinafter the County) for medical assistance. Concluding that it had not been involved in placing decedent at Prospect Nursing Home (*see,* 18 NYCRR 360-3.2 [g] [1] [ii]) and that decedent had established residency in Vermont during her stay at Watson House (*see,* 18 NYCRR 360-6.6), the County denied the application upon the ground that decedent was not a resident of New York (*see,* Social Services Law § 366 [1] [b]; 18 NYCRR 360-3.2 [g]). Following a fair hearing, the County's determination was upheld by respondent State Commissioner of Social Services and is now challenged by petitioner in this CPLR article 78 proceeding.

Based upon our review of the record, we conclude that respondents' determination is supported by substantial evidence (*see, Matter of Lundgren v New York State Dept. of Social Servs.,* 145 AD2d 792). Notably, the County presented evidence that at the time of her application for medical benefits decedent had no intention of returning to petitioner's residence and that her mail was forwarded to that address for convenience only. Further, there is no record evidence to support petitioner's contention that decedent was admitted to the Vermont facilities on an emergency basis only and that she intended to move to a New York nursing home when space became available. Under the circumstances, respondents' conclusion that petitioner failed to meet her burden of establishing decedent's entitlement to medical benefits is by no means unreasonable (*see, supra*).

Cardona, P. J., Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.