In the Matter of the ESTATE OF THERESA WEIGEL, Petitioner, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES, Respondent. [663 NYS2d 440] —Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which denied decedent's application for chronic care medical assistance.

An irrevocable trust established by Theresa Weigel (hereinafter decedent) on January 13, 1992 was to be funded by, among other assets, 4,753.533 shares of Guardian Mutual Fund (hereinafter the mutual fund shares). By letter dated August 26, 1992, decedent's son, a trustee of the trust, instructed the managers of the mutual fund to transfer the mutual fund shares to the irrevocable trust. For reasons that are unclear,

the managers failed to actually complete the transfer until October 15, 1993.

Decedent's subsequent application for medical assistance submitted on March 15, 1995 was denied by the Erie County Department of Social Services on the ground that she was ineligible for medical assistance in view of the amount of her transferred resources within the look-back period, which, as is pertinent to this appeal, included the transfer of the mutual fund shares on October 15, 1993. Following a fair hearing, respondent upheld the Department's determination. After decedent's death, this CPLR article 78 proceeding was commenced challenging the determination. Petitioner concedes that the mutual fund shares were not physically transferred until October 15, 1993, but contends that a letter dated August 26, 1992, directing that the mutual fund shares be transferred into an irrevocable trust, is the appropriate date on which the transfer occurred.

Based upon our review of the record, we conclude that substantial evidence supports respondent's determination (*see, Matter of McMorris v Glass*, 226 AD2d 978, 979). There is no dispute that the posting dates as indicated on the bank statements reveal that the actual transfer of the mutual fund shares to the trust was effectuated on October 15, 1993. Given this information, respondent concluded that the assets remained among decedent's countable resources until actually removed and transferred to the trust. Under the circumstances, we conclude that respondent's determination was not unreasonable.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.