[694 NYS2d 88]

In the Matter of Bipin Shah, Petitioner, v Barbara DeBuono, as Health Commissioner of the State of New York, et al., Respondents.

Second Department, July 6, 1999

## APPEARANCES OF COUNSEL

*Fatoullah Associates,* New York City (*Ellice Fatoullah* of counsel), for petitioner.

*Eliot L. Spitzer, Attorney General,* New York City (*Thomas D. Hughes* and *Archibald F. Robertson, Jr.,* of counsel), for Barbara DeBuono, Commissioner, of the State of New York Department of Health, respondent.

*Gary C. Samuels,* Pomona, for Noah Weinberg, Commissioner of the Department of Social Services of Rockland County, respondent.

## OPINION OF THE COURT

BRACKEN, J. P.

In this case, we hold that under the unambiguous terms of the applicable regulations, an individual who is institutionalized in the State of New York, who was not placed in a New York facility by another State, and who became incapable of indicating his or her intent at or after the age of 21 years is, for the purposes of Medicaid eligibility, to be deemed a resident of the State of New York.

The background of this case is set forth in the opinion of this Court in *Matter of Shah (Helen Hayes Hosp.)* (257 AD2d 275 [decided herewith]). As described therein, Bipin Shah suffered catastrophic injuries while working in New York, and was at all times relevant to this case hospitalized in a New York facility. After learning that the applicable private insurance available to pay for the cost of Mr. Shah's care (approximately $1,600 per day) was about to expire, his wife Kashmira Shah, who had signed a "spousal refusal" form as authorized by New York State law (*see,* Social Services Law § 366 [3] [a]), filed an application for Medicaid on his behalf, and also commenced a proceeding pursuant to Mental Hygiene Law article 81 to be appointed his guardian. The central purpose of the proceeding pursuant to Mental Hygiene Law article 81 was to authorize Mrs. Shah to transfer assets held in Mr. Shah's name to her name. In the related case decided today, we have, *inter alia,* affirmed the order and judgment in which the Supreme Court authorized, among other things, the transfer of such assets on the ground that such a transfer constituted a legitimate and prudent form of Medicaid planning (*see, Matter of Shah [Helen Hayes Hosp.], supra*).

At about the same time that the order and judgment was entered in the Supreme Court in *Matter of Shah (supra)*, the Commissioner of the State of New York Department of Health, after a fair hearing, issued a decision, dated July 2, 1997, in which she confirmed the determinations made by the two local agencies denying Mr. Shah's application for Medicaid benefits on the basis that he was not a resident of New York or of Rockland County. By notice of petition and petition dated October 14, 1997, Kashmira Shah commenced the present proceeding pursuant to CPLR article 78 to review this determination. By order of the Supreme Court, Rockland County, dated February 9, 1998, this proceeding was transferred to this Court for adjudication.

The relevant Federal regulation (42 CFR 435.403) states, in relevant part, the following:

"(a) Requirement. The agency must provide Medicaid to eligible residents of the State, including residents who are absent from the State. * * *

"(d) Who is a State resident. A resident of a State is any individual who:

"(1) Meets the conditions in paragraphs (e) through (i) of this section * * *

"(i) Individuals Age 21 and Over.

"(1) For any individual not residing in an institution as defined in paragraph (b), the State of residence is the State where the individual is—

"(i) Living with the intention to remain there permanently or for an indefinite period (*or if incapable of stating intent, where the individual is living*); or

"(ii) Living and which the individual entered a job commitment or seeking employment (whether or not currently employed) * * *

"(3) *For any institutionalized individual who became incapable of indicating intent at or after age 21, the State of residence is the State in which the individual is physically present, except where another State makes a placement.*

"(4) *For any other institutionalized individual, the State of residence is the State where the individual is living the intention to remain there permanently or for an indefinite period.*

"(j) Specific prohibitions.

"(1) The agency may not deny Medicaid eligibility because an individual has not resided in the State for a specified period.

"(2) The agency may not deny Medicaid eligibility to an individual in an institution, who satisfies the residency rules set forth in this section, on the grounds that the individual did not establish residence in the State before entering the institution.

"(3) The agency may not deny or terminate a resident's Medicaid eligibility because of that person's temporary absence from the State if the person intends to return when the purpose of the absence has been accomplished, unless another State has determined that the person is a resident there for purposes of Medicaid. * * *

"(m) *Cases of disputed residency. Where two or more States cannot resolve which State is the State of residence, the State where the individual is physically located is the State of residence*." (Emphasis supplied.)

In addition, the relevant State regulation (18 NYCRR 360-3.2 [g] [5] [iii]) states that: "Any person institutionalized in New York State who becomes unable to state intent at or after age 21 is a resident of New York State unless another state made the placement".

The petitioner argues that, pursuant to 18 NYCRR 360-3.2 (g) (5) (iii) and 42 CFR 435.403 (i) (3), he must be considered a resident of New York because he became incapable of expressing his intent, regarding this or in any other matter, after the age of 21 and because he is, in fact, present in a New York institution, and was not placed in such institution by another State. As far as the seemingly unambiguous provisions of the applicable regulations are concerned, this argument is undoubtedly correct. The petitioner has undoubtedly met his evidentiary burden of establishing his inability to state his intent (*cf., Matter of McMorris [Hall] v Glass,* 226 AD2d 978; *State v Stuckey Health Care,* 189 Ga App 126, 375 SE2d 235).

We are not unsympathetic to the position of the Commissioner of the State of New York Department of Health and the Department of Social Services, Rockland County, that Mr. Shah is a resident of New Jersey. By every other conceivably relevant indicator, Mr. Shah was in fact a resident of New Jersey at the time of the accident. He lived in New Jersey with his family, and there is no evidence whatsoever to suggest that he meant to prolong his visit in New York beyond the temporary period associated with his employment. It seems anomalous to suggest that he must be considered a New York resident under the applicable regulations solely because his injury has deprived him of his ability to express any intent, whereas, if his injury had not done so, he would clearly be considered a

resident of New Jersey, even in the event he were to declare an intent to become a New Yorker for whatever perceived advantage that might have with respect to Medicaid planning. The fact remains that the rules noted above are unambiguous, and neither this Court nor the respondent agencies have the power to rewrite the rules so as to make them conform with what may well be a more rational approach to the definition of residency. The determination under review must therefore be annulled.

The petitioner seeks attorneys' fees pursuant to CPLR 8601 and 42 USC § 1988. However, we believe that the position taken by the respondents, although incorrect on the law, was nonetheless "substantially justified" within the meaning of CPLR 8601 (a) (*see generally, Matter of Barnett v New York State Dept. of Social Servs.,* 212 AD2d 696). We also find that an award of attorneys' fees is not warranted pursuant to 42 USC § 1988 (*see generally, Matter of Johnson v Blum,* 58 NY2d 454).

For these reasons, we grant the petition to the extent of annulling the determination under review, and the matter is remitted to the Rockland County Department of Social Services to process the petitioner's application for Medicaid benefits.

Sullivan, Friedmann, and Florio, JJ., concur.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that the determination of the Commissioner of the New York State Department of Health dated July 2, 1997 is annulled, the proceeding is otherwise dismissed, without costs or disbursements, and the matter is remitted to the Rockland County Department of Social Services to process the petitioner's application for Medicaid benefits.