■ In the Matter of CLIFF GILBERT, Respondent, v GARY OTTMAN, Appellant. [796 NYS2d 525]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered December 14, 2004, directing the parties to proceed to arbitration, unanimously affirmed, without costs.

Respondent's original argument that the addendum to the subject agreement constitutes a "release" of all obligations under the agreement, including that of arbitration, was correctly rejected by the motion court on the ground that the addendum does not mention arbitration or otherwise manifest a specific intent to terminate the right thereto (*see Matter of Schlaifer v Sedlow*, 51 NY2d 181 [1980]; *Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 601 [1997]). Respondent's present argument that the addendum and subsequent conduct of the parties constitute an "implied revocation" of the agreement, including the obligation to arbitrate, is improperly raised for the first time on appeal (*see National Union Fire Ins. Co. v Pachnanda*, 258 AD2d 256 [1999]), and we decline to review it. We also reject respondent's argument that the arbitration provision terminated by its own terms. Under the agree-

ment, such termination was to occur one year after one party gave the other written notice of, inter alia, intention to separate. Since it does not appear that any such written notice was ever given, the one-year period never began to run. Concur— Marlow, J.P., Ellerin, Nardelli and Sweeny, JJ.