■ In the Matter of WILLIAM JENKINS, Deceased, by CONCOURSE REHABILITATION & NURSING CENTER, INC., on Behalf of the Public Administrator of Bronx County, Petitioner, v ANTONIA C. NOVELLO, M.D., Individually and as Commissioner of the New York State Department of Health, Respondent. [855 NYS2d 456]—

Determination of New York State Department of Health, dated July 28, 2006, which, after a hearing, upheld the denial of Jenkins' application for residential health care medical assistance, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Emily Jane Goodman, J.], entered February 28, 2007) dismissed, without costs.

Substantial evidence supports respondent's determination that Jenkins was not a resident of New York at the time he applied for Medicaid in May 2004 (*see Matter of Lundgren v New York State Dept. of Social Servs.*, 145 AD2d 792 [1988]). Insofar as 42 CFR 435.403 (i) (4) is concerned, petitioner presented no firsthand evidence of Jenkins' intent to remain in New York permanently or for an indefinite period (*see Lundgren*, 145 AD2d at 793). The record shows that when Jenkins moved to New York in March 2004, his daughter hoped he would get bet-

ter and go back to his home in South Carolina, and on June 11, 2004, he indicated an intent to return to South Carolina upon his release from petitioner nursing home. Although petitioner's benefits coordinator testified that Jenkins' intent later changed, courts may not weigh the evidence or reject the conclusion of the administrative agency where the evidence is conflicting and room for choice exists (*see Matter of Berenhaus v Ward*, 70 NY2d 436, 444 [1987]; *see also Lundgren*, 145 AD2d at 793-794). Regarding 42 CFR 435.403 (i) (3), there was no evidence that Jenkins was incapable of indicating intent as of the date of his Medicaid application, and as for 42 CFR 435.403 (m), respondent could reasonably find that petitioner had not proven that New York and South Carolina could not resolve which was the state of residence (*see Bethesda Lutheran Homes & Servs., Inc. v Born*, 238 F3d 853, 859 [2001]). Concur—Mazzarelli, J.P., Andrias, Gonzalez and Acosta, JJ.