Richard F. Kuhnen, J.
This is a motion for a preliminary injunction to enjoin the respondents from prohibiting the petitioner from having the custody and care of her child while she is an inmate in the Tioga County Jail.
Petitioner, Kathleen Apgar, is presently confined in the Tioga County Jail awaiting trial on a charge of murder. She was first admitted to the jail on February 3,1973 and on August 16, *440 1973 she gave birth to a baby boy in the Tioga General Hospital. While in the hospital, the Sheriff refused to allow Mrs. Apgar to see or care for her child and this court, on an order to show canse, temporarily restrained the Sheriff from denying her access to the infant. Upon receipt of that order, however, the Sheriff transferred Mrs. Apgar back to the county jail from the -hospital and refused to allow the infant to accompany his mother. Mrs. Apgar now asks this court to permit her to have custody and care of her baby until her trial..
Mrs. Apgar bases her request upon subdivision 2 of section 611 of the Correction Law which provides with respect to births to inmates of correctional institutions or county jails that: “.The child so born may be returned with its mother to the' correctional institution in which the mother is confined unless the chief medical officer of the correctional institution shall' certify that the mother is physically unfit to care for the child, in which case the statement of said medical officer shall be final. A child may remain in the correctional institution with its mother for such period as seems desirable for the welfare of such child, but not after it is one year of age ”. (Emphasis added.)
The word “may” is prima facie permissive and imports discretion and in this statute it is clear that the discretion to bring the child into the institution rests with the inmate mother subject to the conditions found in this section.
Respondent Sheriff contends, however, that he has absolute discretion to separate a mother and child so situated by virtue, of another part of subdivision 2 of section 611 which states that: “The officer in charge of such institution may cause a child cared for therein with its mother to be removed from the institution at any time before the child is one-year of age.” (Emphasis added.) On this basis, the Sheriff claims that he has complete authority to prohibit the Apgar infant from entering the county jail. This court, however, feels that it is highly improbable that the Legislature intended to lodge in the. person of a Sheriff or Prison Warden an unbridled power to negate without cause a long-standing bias in this State in favor of a child remaining with its natural mother.
It is a general and well-established principle in this State that the welfare of a child is best served by remaining with its natural parent. (People ex rel. Anonymous v. Anonymous, 10 N Y 2d 332; People ex rel. Portnoy v. Strasser, 303 N. Y. 539.) This is particularly true in the case of a child of tender years such as is present in this case. (Matter of “ Z ” v. “ A ”., *441 36 A D 2d 995; Sheil v. Sheil, 29 A D 2d 950.) Moreover, a natural parent has a right to the care and custody of her child superior to everyone unless she has abandoned that right or has been proven unfit. (People ex rel. Anonymous v. Anonymous, supra; Matter of Jewish Child Care Assn. of N. Y., 5 N Y 2d 222.) That incarceration in a jail or correctional institution per se does not constitute such unfitness or exceptional circumstances ,so as to require that a newborn infant be taken from its mother is attested to by the enactment by the Legislature of subdivision 2 of section 611 of the Correction Law. In fact, it has been New York’s policy for over 40 years to. permit inmate mothers to keep their newborn infants. (L. 1930, ch. 242.) So important does the Legislature consider the natural mother-child relationship that even the father does not have the power under this statute to countermand the decision of an inmate mother to keep her child. In light of the expressed legislative and judicial preference in favor of maintaining this relationship except in extraordinary circumstances, this court cannot find that the Legislature intended, by virtue of subdivision 2 of section 611, to give the respondent Sheriff absolute discretion to separate an inmate mother from her child at any time without cause.
Furthermore, the construction of this statute desired by the respondents is unreasonable. It is inconsistent for the Legislature to give a mother, subject to medical approval, discretion to bring her child into a prison and then two sentences later in the same statute to remove that prerogative and place it absolutely in the hands of the chief officer of the institution. In the absence of language so clear that it allows no room for construction, the courts will not ascribe to the Legislature an intention to confer an illusory right or to enact an unreasonable or contradictory statute. (Sharkey v. Thurston, 268 N. Y. 123, 127; Matter of Dell, 56 Misc 2d 1017.)
The court is of the opinion that the Legislature intended this statute to be read as follows: An inmate mother has the prerogative of returning to prison with her child if she so desires subject to the conditions, (1) that the mother is physically able to care for the child and (2) that it “ seems desirable for the welfare of such child.” The chief medical officer is to determine whether or not the mother is physically capable of keeping the child and the officer in charge (in this case the Sheriff) is to determine if the situation “ seems desirable for the welfare of such child.” If the officer in charge determines that the welfare of the child is not served by keeping it in confinement, *442 he may have the child removed at any time during the first year. After the first year the statute mandates that the child leave the institution.
The Sheriff, therefore, does not have absolute discretion in this matter. He may cause the child’s removal, but only on the condition described above. Respondents, however, have failed to demonstrate that the interest of this infant will not be served by returning it to jail with its mother. It is evident that the baby will be supplied with adequate food, shelter, and clothing while in the jail. It has also been shown that the jail in which the petitioner is confined has adequate room for the child, that matrons are present with the petitioner for 24 hours a day and may assist, if needed, in caring for the child, and that medical assistance by the jail physican is available at all times. Also, the child will be subject to the constant care and attention of its natural mother, a factor which, as shown above, the courts and the Legislature consider to be of great importance to the welfare of a child.
The Sheriff’s objections to this arrangement deal with factors other than the welfare of the child. He complains that the jail morale will be lowered in that others so confined are not allowed to have their families in jail and that the child’s crying will disturb the other prisoners. Certainly the Legislature never would, have enacted subdivision 2 of section 611 if it intended that the possibility of the child’s crying would be sufficient grounds upon which to destroy the mother-child relationship. Nor should the level of jail morale affect the welfare of this infant. This is at best a nebulous factor which would be extremely difficult to gauge and, as respondents admit, the physical setup of the Tioga County Jail is such that the child will not come into contact with any other prisoners.
The Sheriff’s objections are also speculative for until the child is actually living in the jail with its mother any alleged adverse effects upon the welfare of the child are based on mere conjecture. As such they are insufficient to overcome the express policy of the Legislature in favor of newly born children residing with their natural mothers for the first year of their lives even if the mother happens to be incarcerated.
Respondents are hereby enjoined from further interfering with petitioner’s rights under subdivision 2 of section 611 of the Correction Law.
The effective date of this order is stayed for 10 days in order to allow the respondents sufficient time to prepare for the arrival of petitioner’s child.