■ In the Matter of JOHN KOSTICK, Appellant, v VINCENT DEL CASTILLO et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the New York City Transit Authority (hereinafter Transit Authority) from conducting a hearing regarding disciplinary charges filed against the petitioner, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated May 7, 1987, which, upon the respondents' cross motion to dismiss the proceeding due to the petitioner's failure to exhaust his administrative remedies, dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The doctrine of exhaustion of administrative remedies requires that one first exhaust all available administrative channels before looking to the courts for relief *(see, McKart v United States,* 395 US 185; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Steinberg v Sea Gate Assn.,* 118 AD2d 558). While it is true that the exhaustion rule is not an inflexible one *(see, Watergate II Apts. v Buffalo Sewer Auth., supra),* in the instant case, the petitioner has not established that the disciplinary procedures invoked were beyond the Transit Authority's grant of power or that resort to an administrative remedy would be futile or that its pursuit would cause irreparable injury. Accordingly, we conclude that the petitioner must first complete the disciplinary hearing before he can challenge the procedures in court. Kunzeman, J. P., Kooper, Spatt and Sullivan, JJ., concur.