■ In the Matter of GLORIA A. TAYLOR, Petitioner, v MARY Jo BANE, as Commissioner of the New York State Department of Social Services, et al., Respondents. [606 NYS2d 112] —Determination unanimously annulled on the law without costs and petition granted in part in accordance with the following Memorandum: Petitioner and her three children were recipients of public assistance benefits. In November 1991, petitioner married Lenard Taylor and notified her caseworker of her marriage. On December 30, 1991, petitioner applied for recertification of her continuing eligibility for public assistance benefits and requested the inclusion of her husband on her grant. Petitioner and her husband were requested to provide, by January 15, 1992, verification regarding 10 items. On January 17, 1992, the Monroe County Department of Social Services (the agency) advised petitioner that, effective January 31, 1992, her public assistance benefits would be discontinued because she failed to provide the requested information. Petitioner asked for a fair hearing. Subsequent to the decision to discontinue her benefits, but before the fair hearing, petitioner provided verification of seven of the items requested.

It is undisputed that, at the fair hearing, petitioner provided the remaining information sought by the agency. Nonetheless, respondent Commissioner confirmed the agency's determination to discontinue petitioner's public assistance benefits.

Under the circumstances of this case, we conclude that the Commissioner acted in an arbitrary and capricious manner in adhering to the agency's decision in light of the fact that petitioner provided all of the requested information either before or at the fair hearing (see, Wiszniewski v New York State Dept. of Social Servs., 140 AD2d 952, 953, lv dismissed 72 NY2d 1003). Moreover, the record demonstrates that petitioner diligently sought to obtain the requested information but was not given assistance by her caseworker (see, 18 NYCRR 351.20 [b] [4]). Therefore, we annul the determination and grant the petition to the extent of restoring petitioner's public assistance benefits that were discontinued as the result of the Commissioner's determination. (Article 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Calvaruso, J.) Present—Denman, P. J., Callahan, Balio, Fallon and Davis, JJ.