■ In the Matter of MICHAEL RILEY, Appellant, v MICHAEL DOWLING et al., Respondents. [633 NYS2d 554] —In a proceeding pursuant to CPLR article 78 in the nature of mandamus, *inter alia,* to compel Barbara Sabol, Commissioner of the New York City Department of Social Services, to comply with a fair hearing decision, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Lane, J.), dated March 29, 1994, which dismissed the petition as moot and denied his application for attorney's fees.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The petitioner Michael Riley commenced this proceeding in August 1993 to compel the New York City Department of Social Services (hereinafter the City DSS) to comply with a fair hearing decision issued in May 1993. The decision directed the City DSS to provide the petitioner with certain increased welfare benefits retroactive to June 1992, including a retroactive and prospective increase of $22 in his semimonthly grant.

After several adjournments, the New York State Department of Social Services (hereinafter the State DSS) moved in December 1993 to dismiss the petition as moot on the ground that the City DSS had complied with the decision. In support of the motion, the State DSS submitted an affirmation of compliance with the fair hearing decision by the City DSS. While there clearly was a delay in complying with the fair hearing decision, the petitioner's attorney, in his opposition papers, did not contest that corrective payments were ultimately made except for an assertion that the City DSS records did not clearly establish that a retroactive supplemental payment of $22 was made for the period of May 10 through May 25, 1993. No affidavit from the petitioner was submitted with respect to this allegedly missing payment. Under the circumstances, we conclude that the court properly dismissed the proceeding as moot insofar as it requested compliance with the fair hearing decision.

In addition, the court properly denied the petitioner's application for attorney's fees pursuant to the Civil Rights Act (42 USC § 1988). The petitioner failed to allege a deprivation of constitutional rights due to official government policy or governmental custom, which is necessary to state a cognizable claim against a municipality under 42 USC § 1983 *(see, Monell v New York City Dept. of Social Servs.,* 436 US 658, 690-691; *Lovelace v Gross,* 80 NY2d 419, 425-426, n 3). This Court has previously stated that a "petitioner's cause of action, 'essentially to compel prompt compliance with a decision after a hearing [is] not a bona fide civil rights cause of action pursuant to 42 USC § 1983' " *(Matter of Cuevas v Perales,* 183 AD2d 715, quoting *Matter of Ferraro v Perales,* 166 AD2d 443, 444).

The Supreme Court also found that the petitioner was not entitled to an award of attorney's fees pursuant to CPLR article 86 since "the position of the state was substantially justified" (CPLR 8601 [a]; *see, Matter of New York State Clinical Lab. Assn. v Kaladjian,* 85 NY2d 346, 356-357; *Roanoke Riv. Basin Assn. v Hudson,* 991 F2d 132, 139, *cert denied* 510 US 864). The trial court's determination in this regard was not an improvident exercise of its discretion *(see, Matter of New York State Clinical Lab. Assn. v Kaladjian, supra).*

The petitioner's remaining contention is without merit *(see,* CPLR 408). O'Brien, J. P., Pizzuto, Santucci and Krausman, JJ., concur.