■ In the Matter of LINDA McCRIMMON et al., Respondents, v MICHAEL J. DOWLING, as Commissioner of New York State Department of Social Services, Appellant, et al., Respondent. [645 NYS2d 359] —Judgment unanimously vacated, determination annulled on the law without costs and petition granted in part in accordance with the following Memorandum: Because this CPLR article 78 proceeding raises a substantial evidence question, it should have been transferred to the Appellate Division pursuant to CPLR 7804 (g) (see, Matter of Price v Coughlin, 195 AD2d 995; Matter of Benesch v Village of Clayton, 185 AD2d 688, lv denied 81 NY2d 702, rearg denied 81 NY2d 912, rearg dismissed 83 NY2d 824; Sawma v Perales, 129 AD2d 976, lv denied 70 NY2d 610, rearg denied 70 NY2d 951). We consider the matter de novo, however, as if it had been properly transferred.

Petitioner commenced this CPLR article 78 proceeding challenging the determination of the Commissioner of the New York State Department of Social Services (Commissioner), made after a fair hearing, to discontinue the public assistance benefits received by petitioner based upon her failure to cooperate with the investigation conducted by the Nassau County Department of Social Services (local agency) to verify her residence. At the fair hearing, a special investigator employed by the local agency testified that, on December 14, 1994, she made an unannounced home visit to petitioner's stated address to verify that petitioner resided in Nassau County. She knocked on the door at that address but no one responded. The investigator left a notice at the door advising petitioner to contact her the following day. Petitioner did not respond. On December 17, 1993, the investigator sent petitioner a letter by ordinary mail advising petitioner to contact her to schedule a home visit in order to avoid the possible discontinuance of benefits. Petitioner did not respond. By letter dated December

30, 1993, the local agency sent petitioner a notice of intent to discontinue her benefits, effective January 10, 1994, based upon the lack of a verifiable Nassau County address and petitioner's lack of cooperation with the investigation.

Petitioner testified at the fair hearing that she did not recall receiving either the notice or the letter from the special investigator. Furthermore, she testified that, had she received either communication, she would have responded. Additionally, it is undisputed that petitioner established that she resides in Nassau County. We conclude that the evidence concerning petitioner's receipt of either the notice or the letter is equivocal and thus, under the circumstances, the determination to discontinue petitioner's public assistance benefits based upon petitioner's failure to cooperate in the investigation conducted by the local agency is arbitrary and capricious and not supported by substantial evidence (*see, Matter of Taylor v Bane*, 199 AD2d 1071; *cf., Matter of Gilbert v Blum*, 90 AD2d 288, *appeal dismissed* 59 NY2d 760).

Lastly, we note that the petition seeks an award of counsel fees pursuant to CPLR article 86. Application for that relief must be made to the court of original instance (*see, Matter of Scibilia v Regan*, 199 AD2d 736).

Therefore, we vacate the judgment of Supreme Court, annul the Commissioner's determination and grant the petition in part by directing the local agency to restore petitioner's public assistance benefits that were lost pursuant to the Commissioner's determination. (Appeal from Judgment of Supreme Court, Nassau County, O'Brien, J.—CPLR art 78.) Present—Pine, J. P., Fallon, Callahan, Balio and Davis, JJ.