■ In the Matter of CONSTANCE PRIESTER, Appellant, v MICHAEL J. DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [648 NYS2d 38] —In a proceeding pursuant to CPLR article 78 in the nature

of mandamus, *inter alia,* to compel compliance with a decision after fair hearing dated October 21, 1993, the appeal is from a judgment of the Supreme Court, Kings County (Vinik, J.), dated February 2, 1995, which dismissed the petition and denied the petitioner's application for attorney's fees.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner commenced the instant CPLR article 78 proceeding to compel compliance with a decision made after a fair hearing. Shortly after the petition was filed, the petitioner received full payment of the retroactive benefits to which she was entitled pursuant to the fair hearing decision, rendering the proceeding academic. Moreover, as the Supreme Court correctly noted, the proceeding was subject to dismissal in any event as the petitioner failed to exhaust her administrative remedies *(see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Grattan v Department of Social Servs.,* 131 AD2d 191, 193; *Matter of Kostick v Del Castillo,* 133 AD2d 759).

The award of attorney's fees under CPLR article 86 is generally left to the sound discretion of the trial court *(see, Matter of Barnett v New York State Dept. of Social Servs.,* 212 AD2d 696). Under the circumstances of this case, the denial of attorney's fees was not an improvident exercise of discretion, as it is clear from the record that the State's position was "substantially justified" (CPLR 8601 [a]; *Matter of New York State Clinical Lab. Assn. v Kaladjian,* 85 NY2d 346; *Matter of Barnett v New York State Dept. of Social Servs., supra).* Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.