■ In the Matter of LINDA McCRIMMON, Respondent-Appellant, v MICHAEL DOWLING, as Commissioner of the New York State Department of Social Services, Appellant-Respondent, et al., Respondent. [669 NYS2d 607] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services dated April 26, 1994, made after a hearing, which affirmed a determination of the respondent Nassau County Department of Social Services terminating the petitioner's public assistance benefits, (1) the Commissioner of the New York State Department of Social Services appeals (a), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Brien, J.), dated October 25, 1996, as, upon vacating an earlier order of the same court dated August 30, 1996, reduced but did not deny an award of an attorney's fee to the petitioner, and (b) from a judgment of the same court, entered December 24, 1996, which awarded the petitioner an attorney's fee in the sum of $4,322.50, and (2) the petitioner cross-appeals from (a) so much of the order dated October 25, 1996, as reduced her attorney's fee from $7,500 to $4,322.50, and (b) so much of the judgment entered December 24, 1996, as awarded the petitioner an attorney's fee of only $4,322.50.

Ordered that the appeal from the order dated October 25, 1996, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, the application for an attorney's fee is denied, and the order dated October 25, 1996, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

By decision and order dated July 12, 1996, the Appellate Division, Fourth Department, annulled a determination of the appellant New York State Commissioner of Social Services (hereinafter the Commissioner), which affirmed a determination of the respondent Nassau County Department of Social Services to terminate the petitioner's public assistance benefits (*see, Matter of McCrimmon v Dowling,* 229 AD2d 1029). The petitioner then made the instant application for an award of an attorney's fee and for expenses pursuant to CPLR article 86 (*see,* New York State Equal Access to Justice Act, CPLR 8600 *et seq.*). The Supreme Court, implicitly finding that the Commissioner's position in the underlying proceeding was not substantially justified, granted the application and awarded an attorney's fee in the sum of $7,500, which it later reduced to $4,322.50. We now reverse and vacate the award.

Pursuant to CPLR 8601 (a): "[The] court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust. Whether the position of the state was substantially justified shall be determined solely on the basis of the record before the agency or official whose act, acts, or failure to act gave rise to the civil action". It has been determined that substantially justified means "justified to a degree that could satisfy a reasonable person" (*Pierce v Underwood,* 487 US 552, 565). Whether the government's position was substantially justified and whether counsel fees should be awarded is left to the sound discretion of the trial court (*see, Pierce v Underwood, supra,* at 557, 562). The government bears the burden of proof and must make a strong showing that its position was substantially justified (*see, Matter of Barnett v New York State Dept. of Social Servs.,* 212 AD2d 696). It is settled, however, that the mere fact that the government has lost the underlying case on the merits does not require that an attorney's fee be awarded (*see, Pierce v Underwood, supra,* at 698).

The Supreme Court improvidently exercised its discretion when it implicitly found that the Commissioner's position in the underlying proceeding was not substantially justified and that an award of an attorney's fee was therefore warranted. The evidence in support of the Commissioner's determination to terminate the petitioner's public assistance benefits would

satisfy a reasonable person and, therefore, had a reasonable basis in law and fact. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.