■ In the Matter of WILLIAM WITTLINGER, Appellant, v BRIAN J. WING, as Commissioner of the Office of Temporary and Disability Assistance of New York State Department of Family Assistance, et al., Respondents. [735 NYS2d 382] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered May 5, 2000, which dismissed as moot the petition pursuant to CPLR article 78 to compel respondents' compliance with a State Department of Social Services Determination After Fair Hearing restoring petitioner's public assistance, medical and food stamp benefits, denied petitioner's claims for reasonable attorneys' fees pursuant to CPLR article 86 and/or 42 USC § 1988, and denied petitioner's cross motion to compel discovery; and order, same court and Justice, entered July 26, 2000, which, to the extent appealable, denied petitioner's motion for renewal, unanimously affirmed, without costs.

The denial of petitioner's request for attorneys' fees pursuant to CPLR article 86 and/or 42 USC § 1988 was proper since petitioner was not a prevailing party, his proceeding to compel respondents' compliance with a Determination After Fair Hearing by the State Department of Social Services restoring his public assistance, medical assistance and food stamp benefits having been properly dismissed as moot (*see, Buckhannon Bd. & Care Home v West Virginia Dept. of Health & Human Resources*, 532 US 598; *see also, Matter of Priester v Dowling*, 231 AD2d 638; *Matter of Riley v Dowling*, 221 AD2d 446), and the State's position and conduct with respect to affording petitioner the relief sought in his petition was "substantially justified" (*see, Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346, 356-358; *and see, Matter of Priester, supra; Matter of Riley, supra*). The "catalyst theory," upon which petitioner relies, is no longer a viable basis for an award of attorneys' fees (*see, Buckhannon Bd. & Care Home, supra; Matter of Auguste v Hammons*, 285 AD2d 417).

The appealable portion of the second order presented for our review, denying renewal, should be affirmed inasmuch as petitioner's motion seeking renewal was not "based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]; *see, Konrad v 136 E. 64th St. Corp.*, 254 AD2d 110, *lv denied* 92 NY2d 1042).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Williams, J. P., Tom, Lerner, Buckley and Friedman, JJ.