■ In the Matter of BETH NEWMAN, Appellant, v BRIAN WING, as Commissioner of New York State Department of Social Services, et al., Respondents. [783 NYS2d 877]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Dennis Whalen, as Commissioner of New York State Department of Health, dated July 30, 1998, made after a hearing, which upheld a determination of the respondent Brian Wing, as Commissioner of New York State Department of Social Services, denying the application of the petitioner's decedent for medical assistance, which proceeding was determined by a judgment of the Supreme Court, Queens County (Price, J.), entered August 27, 2002, granting the petition and vacating the determination, the petitioner appeals from so much of an order of the same court dated August 29, 2003, as, upon reargument, denied that branch of her motion which was for an award of an attorney's fee pursuant to CPLR article 86.

Ordered that the order is affirmed insofar as appealed from, with costs.

By judgment entered August 27, 2002, the Supreme Court granted the petition and vacated a determination of the respondent Dennis Whalen, as Commissioner of New York State Department of Health, which, after a hearing, upheld a determination of the respondent Brian Wing, as Commissioner of New York State Department of Social Services, denying the application of the petitioner's decedent for medical assistance. The petitioner moved, inter alia, for an award of an attorney's fee pursuant to CPLR article 86.

Contrary to the petitioner's contention, the Supreme Court providently exercised its discretion, upon reargument, in denying that branch of the motion which was for an award of an attorney's fee since, under the circumstances of this case, the respondents' position was "substantially justified" (CPLR 8601 [a]; *see Matter of McCrimmon v Dowling*, 247 AD2d 620, 621 [1998]; *Matter of Priester v Dowling*, 231 AD2d 638 [1996]; *Mat-*

*ter of Barnett v New York State Dept. of Social Servs.*, 212 AD2d 696, 698 [1995]).

"[T]he mere fact that the government has lost the underlying case on the merits does not require that an attorney's fee be awarded" (*Matter of McCrimmon v Dowling, supra* at 621). "The award of attorney's fees under CPLR article 86 is generally left to the sound discretion of the trial court" (*Matter of Priester v Dowling, supra* at 639; *Matter of Barnett v New York State Dept. of Social Servs., supra* at 697) and absent an improvident exercise of discretion, a determination by the Supreme Court that the government's position was substantially justified is entitled to deference (*see Matter of New York State Clinical Lab. Assn. v Kaladjian*, 85 NY2d 346, 356 [1995]; *Matter of Priester v Dowling, supra* at 639). Smith, J.P., Adams, Crane and Skelos, JJ., concur.