■ In the Matter of Sheila Graves et al., Respondents, v Robert Doar, as Commissioner of the Office of Temporary and

Disability Assistance of the New York State Department of Family Assistance, Appellant, et al., Defendant. [928 NYS2d 771]—

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of the money judgment in the action and proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the money judgment (*see* CPLR 5501 [a] [1]).

An award of an attorney's fee under the Equal Access to Justice Act (CPLR art 86) is generally left to the sound discretion of the trial court (*see Matter of Priester v Dowling*, 231 AD2d 638 [1996]). Under the circumstances of this case, the award of an attorney's fee was not an improvident exercise of discretion.

Contrary to the appellant's contention, an award of an attorney's fee is not limited to cases where there has been a final judgment in an action or proceeding but, rather, may be awarded where a plaintiff or petitioner has prevailed in an intermediate order or interlocutory judgment on an issue that is central to the case (*see MacDonald v Schweiker*, 553 F Supp 536, 539 [1982]). Here, the petitioners/plaintiffs sought to permanently enjoin the appellant, among others, from implementing the Group Home Standardized Benefits Program (hereinafter the GHSBP), to compel him to provide monthly food stamp benefits to group home recipients of Supplemental Security Income (hereinafter SSI) benefits in amounts equal to those received by Public Assistance (hereinafter PA) recipients, to compel the State to promulgate regulations to govern the operation of the GHSBP in accordance with the rule-making requirements of article IV, § 8 of the New York Constitution and article 2 of the State Administrative Procedure Act, to obtain the benefits they would have received since January 1, 2005, had the GHSBP never been implemented, and to annul the determination to reduce the monthly food stamp benefits of one of the petitioners/plaintiffs. The petitioners/plaintiffs obtained substantial relief in an order and interlocutory judgment, including (1) an injunction prohibiting the appellant from applying the GHSBP's methodology of calculating food stamp benefits unless and until formal regulations were properly promulgated, (2) the annulment of the 2004 fair hearing determinations which affirmed the reduction of food stamp benefits to the petitioners/plaintiffs pursuant to the GHSBP, (3) a directive to the appellant and the commissioner of the relevant county social services department mandating the reinstatement of the petitioners/plaintiffs' food stamp benefits in the amount issued to them in the month prior to the implementation of the GHSBP, and (4) a directive to the appellant and the commissioner of the relevant county social

services department mandating the restoration of the petitioners/plaintiffs' food stamp benefits retroactively to the month prior to the implementation of the GHSBP.

"The determination of whether the State's position was substantially justified is committed to the sound discretion of the court of first instance and is reviewable as an exercise of judicial discretion" (*Matter of Simpkins v Riley*, 193 AD2d 1009, 1010-1011 [1993]). The burden of establishing substantial justification rests with the State, which must make a strong showing to support its position (*see Matter of Barnett v New York State Dept. of Social Servs.*, 212 AD2d 696 [1995]). The Supreme Court providently exercised its discretion in concluding that the appellant was not substantially justified in taking the position that the GHSBP was exempt from the rule-making requirements of the New York Constitution and State Administrative Procedure Act. Rivera, J.P., Eng, Roman and Miller, JJ., concur.