In the Matter of BRIAN WARD, Respondent, v CITY OF LONG BEACH, Appellant. [930 NYS2d 885]—

On October 17, 2003, the petitioner, a former lieutenant employed by the fire department of the City of Long Beach, allegedly sustained an injury to his left knee. On November 17, 2005, the petitioner's application for accidental disability retirement benefits pursuant to Retirement and Social Security Law § 363 was granted. Thereafter, the petitioner applied to the City for supplemental wage benefits pursuant to General Municipal Law § 207-a (2). The City denied that application. The petitioner commenced the instant proceeding pursuant to CPLR article 78, inter alia, to annul the determination denying his application for supplemental wage benefits pursuant to General Mu-

nicipal Law § 207-a (2). The Supreme Court granted that branch of the petition which was to annul the determination and directed the City to pay to the petitioner the subject benefits. We affirm.

"Generally, in a CPLR article 78 proceeding, [courts] examine whether the action taken by the agency has a rational basis" and will overturn that action only "where it is 'taken without sound basis in reason' or 'regard to the facts,' " and, thus, is arbitrary and capricious (*Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010], quoting *Matter of Peckham v Calogero*, 12 NY3d 424, 431 [2009]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 232 [1974]; *Matter of Ignizio v City of New York*, 85 AD3d 1171, 1174 [2011]; *Matter of Deerpark Farms, LLC v Agricultural & Farmland Protection Bd. of Orange County*, 70 AD3d 1037, 1038 [2010]). Here, the Supreme Court correctly determined that the City's determination did not have a rational basis in the record and, thus, was arbitrary and capricious (*see Matter of Fedorczak v Dolce*, 202 AD2d 668, 669 [1994]). Accordingly, the Supreme Court properly granted that branch of the petition which was to annul the determination and directed the City to pay to the petitioner the supplemental wage benefits pursuant to General Municipal Law § 207-a (2). Rivera, J.P., Florio, Leventhal and Roman, JJ., concur.