In the Matter of ARISLEDA DUARTE, Respondent, v CITY OF NEW YORK, Appellant. [936 NYS2d 671]—

The petitioner, a pregnant inmate awaiting trial at the Rose M. Singer Center Correctional Facility at Rikers Island, applied to the New York City Department of Correction (hereinafter the DOC) to be admitted to the facility's Nursery Program, which allows for an inmate who gives birth while incarcerated to nurse and care for her newborn child in the facility's nursery for up to 18 months after the child's birth. The DOC denied the petitioner's application, and the petitioner commenced this CPLR article 78 proceeding to review that determination. The Supreme Court granted the petition and directed that the petitioner and her child be admitted to the Nursery Program.

Correction Law § 611 (2) provides that a child born to an incarcerated woman may be returned with his or her mother from the place of birth to the correctional institution in which the mother is confined unless the chief medical officer of the correctional facility finds that the mother is physically unfit to care for the child. The child may remain with its mother in the correctional institution "for such period as seems desirable for the welfare of such child, but not after it is one year of age" (Correction Law § 611 [2]). Accordingly, under the statute, the relevant consideration in determining whether the child may remain with the mother is the welfare of the child (*see Bailey v Lombard*, 101 Misc 2d 56 [1979]; *Apgar v Beauter*, 75 Misc 2d 439 [1973]).

In a CPLR article 78 proceeding to review an agency's deter-

mination, courts examine whether the action taken by the agency has a rational basis, and will overturn that action where it is taken without sound basis in reason or regard to the facts, and, thus, is arbitrary and capricious (*see Matter of Wooley v New York State Dept. of Correctional Servs.*, 15 NY3d 275, 280 [2010]; *see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-231 [1974]; *Matter of Ward v City of Long Beach*, 88 AD3d 734, 735 [2011]). Here, the DOC failed to make any assessment of whether the subject child's welfare would best be served by remaining with his mother. Thus, the Supreme Court correctly concluded that the denial of the inmate petitioner's application to keep her infant child with her by entering the facility's Nursery Program with the child lacked a rational basis and, thus, was arbitrary and capricious (*see* Correction Law § 611 [2]; *Apgar v Beauter*, 75 Misc 2d at 442; *cf. Bailey v Lombard*, 101 Misc 2d at 64-66).

The appellant's remaining contention is without merit.

Accordingly, the Supreme Court properly granted the petition and directed that the petitioner and her child be admitted to the Nursery Program. Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.