*593 OPINION OF THE COURT
Barbara G. Zambelli, J.
It is ordered that this application is disposed of as follows:
Petitioner Amanda Losurdo is currently an inmate at Bed-ford Hills Correctional Facility, serving an indeterminate sentence of IV3 to 4 years based upon her felony conviction in Delaware County Court (Becker, J.) for driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) (Losurdo aff, exhibit A). On July 17, 2014, petitioner, then nine months’ pregnant, applied for admission to the nursery program at Bedford Hills (verified answer, exhibit A). On July 23, 2014, Assistant Deputy Superintendent Marlyn Kopp denied petitioner’s application (id., exhibit B). The denial relates that it was based upon petitioner’s “parenting history” with her other children, which included one “substantiated” Child Protective Services (CPS) report against petitioner for inadequate guardianship from 2006, and four “indicated” CPS reports from 2010-2012 for inadequate guardianship and parental drug and alcohol misuse (id.). The denial further states that
“[y]our CPS history indicates that you were granted several opportunities to address your alcohol and substance abuse and provide your children with a minimal degree of care. You consistently placed your children in grave danger and failed to comply with preventive services offered. Your actions demonstrated disregard for the safety and well being of your children. Also, according to your Presentence Report, you also had two daughters (ages 19 and 17) who were given up for adoption at birth. During the Nursery interview, you confirmed having placed your daughters for adoption at birth and further confirmed that on 1/29/13 you voluntarily surrendered your parental rights to [petitioner’s two minor sons] due to your inability to care for your children.” (Id.)
Petitioner appealed the determination to respondent Superintendent Kaplan, who, on July 29, 2014, affirmed the denial, again citing to petitioner’s CPS and substance abuse history (verified answer, exhibit C). Superintendent Kaplan’s denial states, in relevant part, that
“I am basing my decision on [petitioner’s] lengthy CPS involvement with her other children which resulted in her two oldest being put up for adop *594 tion, and giving up parental rights to her two youngest children, due to her admitted inability to properly care for them. It is felt that her actions as a parent while in the home, seriously placed her children in grave risk, and therefore, it is felt that placement in the Nursery program would not be ‘in the best interest of her unborn child.’ ” (Id.)
Petitioner gave birth to her son on July 28, 2014 at Westchester Medical Center. By decision and order dated August 1, 2014, this court granted petitioner a temporary restraining order (TRO) which provided that pending the determination of this proceeding, respondents could not exclude petitioner from the nursery program or otherwise deprive her access to her newborn son. Since then, petitioner advises that she and her son are “thriving in the Nursery Program” and that her son is “healthy and happy, and our bond strengthens daily” (Losurdo reply aff ¶ 2).
Petitioner alleges that respondents’ determination to exclude her and her son from the nursery program was arbitrary and capricious and an abuse of discretion. She submits that Correction Law § 611 provides that a child born to an incarcerated mother may remain with his/her mother for up to a year, unless the mother is determined to be physically unfit to care for the child or it is determined that it is not desirable for the child’s welfare for the child to remain with the mother. Petitioner submits that she is not medically unfit. She further submits that respondents’ determination fails to demonstrate that her child’s best interests require removal. She contends that her past parental history should not serve as a per se bar to her access to the nursery program. She argues that respondents’ determination failed to take into consideration the fact that she has been sober for two years, the nonviolent nature of her crimes, the shortness of her sentence, her guaranteed employment upon her release, the fact that her sentencing judge recommended on her sentence and commitment form any program for petitioner which would allow her to keep her child with her, the offerings and environment of the nursery program and the placement of and impact upon her child if he is removed from her. She submits that when these factors are taken into consideration, it is clear that her child’s best interests are served by his remaining with her in the nursery program.
In opposition to the petition, respondents argue that their determination to deny petitioner’s application for the nursery *595 program was rationally based upon legitimate concerns for the safety and welfare of her child. Respondents submit that petitioner’s CPS history evidences her demonstrated lack of concern for the physical safety and well-being of her older children. They contend that petitioner fails to appreciate the serious nature of her past misconduct and criminal behavior and that there is a causal nexus between petitioner’s past conduct and the best interests of her child. Respondents therefore submit that their determination should be upheld.
Correction Law § 611 (2) provides, in relevant part, that
“[a] child so born [to an incarcerated mother] may be returned with its mother to the correctional institution in which the mother is confined unless the chief medical officer of the correctional institution shall certify that the mother is physically unfit to care for the child, in which case the statement of the said medical officer shall be final. A child may remain in the correctional institution with its mother for such period as seems desirable for the welfare of such child, but not after it is one year of age.”
Courts have held that, pursuant to this statutory language, the relevant consideration in determining whether the child may remain with the mother is the welfare of the child (Matter of Duarte v City of New York, 91 AD3d 778, 779 [2d Dept 2012], lv granted 19 NY3d 805 [2012], appeal dismissed 20 NY3d 1067 [2013]; Apgar v Beauter, 75 Misc 2d 439, 441 [Sup Ct, Tioga County 1973]).
Respondents’ determination to deny petitioner’s application to the nursery program, which determination was admittedly based solely upon petitioner’s past CPS and substance abuse history, lacks a rational basis and must be vacated by this court. In their determinations denying petitioner’s application, respondents place great emphasis upon petitioner’s history of substance abuse and her past involvement with CPS, but are entirely silent regarding petitioner’s current achievements— her two plus years of sobriety, her lack of any disciplinary infractions, her participation in recovery counseling and mental health treatment and her promise of employment upon release from incarceration (Losurdo aff ¶¶ 34-38). They are also silent regarding the significant impact of such a separation from his mother on the infant himself. Moreover, the respondents ignore the supervised nature of the nursery program in rendering its *596 determination. Indeed, in affirming the denial of petitioner’s application, Superintendent Kaplan referred to petitioner’s “actions as a parent while in the home” while ignoring that petitioner will not be in her home but would remain incarcerated and be subject to the structured and supervised nature of the nursery program itself. As this court noted in its prior decision and order granting the TRO in this matter, petitioner’s CPS history largely involved her getting intoxicated and operating a motor vehicle with her children inside, behaviors which are not likely to occur while petitioner is incarcerated at Bedford Hills. Given the foregoing, respondents’ determination to deny petitioner’s application for the nursery program lacked a rational basis and cannot be upheld by this court.
Accordingly, the petition is granted, respondents’ determination to deny petitioner’s application to the nursery program is vacated and respondents are directed to maintain petitioner and her child in the nursery program in accordance with the dictates of Correction Law § 611 (2) and the rules of the program itself.