■ In the Matter of AMANDA LOSURDO, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION et al., Respondents. [59 NYS3d 69]—

Appeal from an order of the Supreme Court, Westchester County (Barbara G. Zambelli, J.), entered September 1, 2015. The order denied the petitioner's motion pursuant to CPLR 8601 for an award of attorneys' fees and expenses.

Ordered that the order is affirmed, without costs or disbursements.

On July 17, 2014, the petitioner, a pregnant inmate, applied for admission to the Nursery Program at the Bedford Hills Correctional Facility (hereinafter Bedford Hills), which allows for an inmate who gives birth while incarcerated to remain with her newborn child in the facility's nursery for up to 18 months after the child's birth. On July 23, 2014, the petitioner's application was denied. The petitioner submitted an appeal of that determination to the respondent Sabina Kaplan, the Superintendent of Bedford Hills. On July 28, 2014, the petitioner gave birth to a baby boy. The next day, Kaplan notified the petitioner's attorney that she was affirming the denial of the petitioner's application for admission to the Nursery Program. Kaplan emphasized that her decision was based upon the petitioner's lengthy history with Child Protective Services, "which resulted in [the petitioner's] two oldest [children] being put up for adoption, and giving up parental rights to her two youngest children, due to her admitted inability to properly care for them."

On July 30, 2014, the petitioner commenced this CPLR

article 78 proceeding against the respondents, the New York State Department of Corrections and Community Supervision (hereinafter DOCCS), Kaplan, and Anthony Annucci, Commissioner of DOCCS, inter alia, to review the determination dated July 29, 2014. The petitioner simultaneously filed an order to show cause seeking a preliminary injunction and temporary restraining order "mandating Respondents to admit [her] and her newborn son to the Nursery Program." In an order dated August 1, 2014, the Supreme Court granted the petitioner a temporary restraining order pending the determination of the proceeding. Thereafter, in a judgment dated February 26, 2015, the court granted the petition, annulled the respondents' determination, and directed the respondents "to maintain petitioner and her child in the Nursery Program in accordance with the dictates of Correction[ ] Law § 611 (2) and the rules of the Program itself." The court held that the respondents' determination to deny the petitioner's application lacked a rational basis.

In March 2015, the petitioner moved pursuant to the New York State Equal Access to Justice Act (CPLR art 86 [hereinafter the EAJA]) for an award of attorneys' fees and expenses. In an order dated August 31, 2015, the Supreme Court denied the petitioner's motion on the grounds that the respondents' decision to deny her application for admission to the Nursery Program was "substantially justified" and that "special circumstances make an award unjust" (CPLR 8601 [a]). The petitioner appeals.

Under the EAJA, "a court shall award to a prevailing party, other than the state, fees and other expenses incurred by such party in any civil action brought against the state, unless the court finds that the position of the state was substantially justified or that special circumstances make an award unjust" (CPLR 8601 [a]). An award of attorneys' fees under the EAJA is generally left to the sound discretion of the Supreme Court (see Matter of Graves v Doar, 87 AD3d 744, 746 [2011]; Matter of Priester v Dowling, 231 AD2d 638, 639 [1996]). "The determination of whether the State's position was substantially justified is committed to the sound discretion of the court of first instance and is reviewable as an exercise of judicial discretion" (Matter of Simpkins v Riley, 193 AD2d 1009, 1010-1011 [1993]; see Matter of Motor Network, Ltd. v Martinez, 29 AD3d 911, 912 [2006]).

Under the circumstances of this case, the Supreme Court did not improvidently exercise its discretion in concluding that the respondents' position was substantially justified, notwithstand-

ing the court's underlying conclusion that the respondents' determination to deny the petitioner's application for admission to the Nursery Program should be annulled (*see Matter of Motor Network, Ltd. v Martinez*, 29 AD3d at 912; *Matter of Shah v DeBuono*, 257 AD2d 256, 260 [1999], *affd* 95 NY2d 148 [2000]). In particular, the evidence in support of the respondents' position would satisfy a reasonable person that it was not "desirable for the welfare of [the] child" to remain with the petitioner for purposes of the EAJA (Correction Law § 611 [2]; *see Matter of Sutherland v Glennon*, 256 AD2d 984, 986 [1998]; *Matter of McCrimmon v Dowling*, 247 AD2d 620, 621-622 [1998]). Contrary to the petitioner's contention, although the court found that the respondents failed to consider certain factors, including the petitioner's current achievements and the supervised nature of the Nursery Program, there was no evidence in the record that the respondents "willfully ignored" those factors. Moreover, this is not a case where the respondents failed to conduct any assessment as to whether the subject child's welfare would best be served by remaining with the petitioner (*cf. Matter of Duarte v City of New York*, 91 AD3d 778, 778-779 [2012]).

Accordingly, the Supreme Court properly denied the petitioner's motion pursuant to CPLR 8601 for an award of attorneys' fees and expenses. In light of our determination, we need not reach the parties' remaining contentions. Rivera, J.P., Sgroi, Miller and Brathwaite Nelson, JJ., concur.