Matter of Hill v Zucker (2019 NY Slip Op 03488)





Matter of Hill v Zucker


2019 NY Slip Op 03488


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


267 TP 18-01775

[*1]IN THE MATTER OF CAROL HILL, AGENT UNDER POWER OF ATTORNEY FOR STEWART HILL, PETITIONER,
v
HOWARD ZUCKER, COMMISSIONER, NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENT. 






THE MARRONE LAW FIRM, P.C., SYRACUSE (ANTHONY A. MARRONE, II, OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (PATRICK A. WOODS OF COUNSEL), FOR RESPONDENT.


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Onondaga County [James P. Murphy, J.], entered July 24, 2018) to review a determination of respondent. The determination denied petitioner's application for chronic care medical assistance benefits. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner applied for medical assistance (Medicaid) for her husband in April 2017. Over the next four months, the Onondaga County Department of Social Services (DSS) sent petitioner four document requests, each time extending the deadline for petitioner to comply. Petitioner submitted some but not all of the requested documents, and DSS denied the application on September 12, 2017 for petitioner's failure to provide all requested documents. After a fair hearing, respondent affirmed DSS's decision, and petitioner commenced this CPLR article 78 proceeding seeking to annul respondent's determination.
We agree with respondent that his denial of petitioner's application for Medicaid benefits based on petitioner's failure to submit required documentation is supported by substantial evidence (see Matter of Schaffer v Zucker, 165 AD3d 1266, 1267 [2d Dept 2018]; Matter of Stevens v Onondaga County Dept. of Social Servs., 8 AD3d 995, 996 [4th Dept 2004]). We reject petitioner's contention that the determination was arbitrary and capricious because she submitted all outstanding documents before the fair hearing (cf. Matter of Taylor v Bane, 199 AD2d 1071, 1071 [4th Dept 1993]). Petitioner had numerous opportunities to submit the outstanding documentation, unlike the petitioner in Taylor. Under the circumstances, DSS appropriately treated petitioner's late submissions as a reapplication for benefits, and respondent did not act arbitrarily in affirming DSS's September 12, 2017 denial of the initial application.
Contrary to petitioner's further contention, the determination that she failed to show good cause for failing to submit the required documents before the deadline is supported by substantial evidence (see Schaffer, 165 AD3d at 1267; Matter of Medford Multicare Ctr. v Zucker, 161 AD3d 1160, 1162 [2d Dept 2018]; Matter of Pagnani v Suffolk County Dept. of Social Servs., 152 AD3d 696, 696 [2d Dept 2017]). Petitioner failed to meet her burden of "notifying the social services district of the reasons for failing to comply with an eligibility requirement and . . . furnishing evidence to support any claim of good cause" (18 NYCRR 351.26 [b]; see 18 NYCRR 351.26 [a] [1], [3]).
Finally, petitioner's contention that DSS failed to conduct a collateral investigation [*2](see 18 NYCRR 360-2.3 [a] [3]) is improperly raised for the first time in her petition (see Matter of Peckham v Calogero, 12 NY3d 424, 430 [2009]; Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Matter of Notman v New York State Dept. of Health, 162 AD3d 1704, 1705 [4th Dept 2018]). Petitioner's failure to raise that issue at the fair hearing deprived "the administrative agency of the opportunity to prepare a record reflective of its expertise and judgment" with regard to that issue and, as a result, petitioner has failed to exhaust her administrative remedies with respect to that issue (Yarbough, 95 NY2d at 347 [internal quotation marks omitted]; see Notman, 162 AD3d at 1705; see generally Social Services Law § 22 [1], [5]). We have no discretionary authority to review petitioner's contention (see Matter of J.C. Smith, Inc. v New York State Dept. of Economic Dev., 163 AD3d 1517, 1520 [4th Dept 2018], lv denied 32 NY3d 1191 [2019]; see generally Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court