Matter of Mercado v Annucci (2019 NY Slip Op 04246)





Matter of Mercado v Annucci


2019 NY Slip Op 04246


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

526933

[*1]In the Matter of JASON MERCADO, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: April 30, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Barclay Damon LLP, Albany (Eric W. Dyer of counsel), for petitioner.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Devine, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner commenced this CPLR article 78 proceeding challenging a tier III disciplinary determination finding him guilty of violating certain prison disciplinary rules. The Attorney General has advised this Court that the determination has been administratively reversed, all references thereto have been expunged from petitioner's institutional record and the mandatory $5 surcharge has been refunded to petitioner's inmate account. The Attorney General has represented that petitioner "will be reimbursed at the unemployed rate for the confinement time he served," as directed by the Department of Corrections and Community Supervision Directive No. 4802 (iii) (C) (4) (d), as requested in the petition. To the extent that petitioner seeks to be restored to the housing status and location that he enjoyed prior to the disciplinary determination, he is not entitled to such relief, as "inmates have no constitutional or statutory right to their prior housing or programming status" (Matter of Adams v Annucci, 167 AD3d 1125, 1126 [2018] [internal quotation marks and citations omitted]; accord Matter of Morgan v Venettozzi, 156 AD3d 1107, 1107 [2017]; see Correction Law § 23 [1]; see also Matter of Brooks v Annucci, 149 AD3d 1434, 1435 [2017]). Petitioner's request for an award of counsel fees pursuant to CPLR article 86 must be made to the court of original instance (see CPLR 8601 [b]; Matter of Ortiz v Fischer, 71 AD3d 1244, 1244 [2010]; Matter of McCrimmon v Dowling, 229 AD2d 1029, 1030 [1996]). Given that petitioner has received all of the relief to which he is entitled, the petition must be dismissed as moot (see [*2]Matter of Cunningham v Annucci, 168 AD3d 1340, 1340 [2019]; Matter of Williams v Keyser, 167 AD3d 1202, 1202 [2018]).
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ADJUDGED that the petition is dismissed, as moot, without costs.