Matter of Tycoon Constr. Corp. v New York City Hous. Auth. (2019 NY Slip Op 07690)





Matter of Tycoon Constr. Corp. v New York City Hous. Auth.


2019 NY Slip Op 07690


Decided on October 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2019

Friedman, J.P., Kapnick, Oing, Singh, JJ.


10182 101036/17

[*1] In re Tycoon Construction Corp., Petitioner-Respondent,
v
New York City Housing Authority, Respondent-Appellant.


Kelly D. MacNeal, General Counsel, New York (Lauren L. Esposito of counsel), for appellant.
Canfield Ruggiero, LLP, Garden City (David J. Canfield of counsel), for respondent.



Judgment, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 10, 2018, granting the petition brought pursuant to CPLR article 78 to annul respondent New York City Housing Authority's (NYCHA) determination, dated March 27, 2017, which found petitioner in default of a contract between petitioner and NYCHA, unanimously affirmed, without costs.
After complaining about alleged electrical deficiencies and informing petitioner that it had until the end of the contract period to correct them, NYCHA cited safety concerns related to the alleged electrical deficiencies as a basis for requiring petitioner to fix the deficiencies within two days, and declared petitioner in default when it did not meet that two-day deadline. The article 78 court correctly granted the petition to annul NYCHA's action as it lacked a rational basis (see Matter of Ward v City of Long Beach, 88 AD3d 734 [2011], affd 20 NY3d 1042 [2013]).
Although NYCHA identified alleged deficiencies in petitioner's work, there was no basis for NYCHA to conclude that petitioner had unnecessarily delayed work, refused to supply enough properly skilled workers or materials to complete the work, or was either unwilling or unable to complete the work within the time specified in the contract, as extended by the parties (cf. Matter of Clover Constr. Consultants, Inc. v New York City Hous. Auth., 44 AD3d 654, 655 [2d Dept 2007], lv denied 9 NY3d 818 [2008]; Matter of R.C. 27th Ave. Realty Corp. v City of New York, 278 AD2d 142, 142-43 [1st Dept 2000]).
We have considered NYCHA's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 24, 2019
CLERK